**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**



In re,

Gertrude Coretta Fennell Hamilton

C/A No. **18-04955**-EG

Adv. Pro. No.:

Debtor,
Plaintiff

2:23-cv-1181-RMG-MHC

U.S. Bank National Association as Legal Title
Trustee for RMTP Trust, Series 2021 BKM-TT-V,
by and through its (Servicer's): Rushmore Loan
Management Services;  PHH Mortgage Services;
and OCWEN Loan Servicing, LLC

Chapter 13

**NOTICE OF APPEAL TO:**
**DISTRICT COURT**

Creditor,
Defendant.

Gertrude Coretta Fennell Hamilton - Plaintiffs in the above-captioned Adversary
Proceeding and Appellant herein, appeal under 28 U.S.C. §158(a) and Rules 8001, 8002, and 8003
of the Federal Rules of Bankruptcy Procedure to the United States District Court for the District
of South Carolina, from (a) the "Order Denying Motion To Reconsider" of the Honorable
Elisabetta G. M. Gasparini entered on **March 10, 2023** under Doc No. 171, which rendered
relating to the "Objections To Errors In Order," omitting material facts.  (b) "Order Overruling
Debtor's Objection" entered on February 16, 2023 under Doc No. 161 of the Honorable Elisabetta
G. M. Gasparini entered, arising from the Plaintiffs' "Motion to Incur Debt and Obtain Credit."
Creditors' attorney deliberate falsification of information Doc No. 133 filed October 14, 2022 was
omitted or not addressed in the ORDERS, as well as other material errors. A Civil Conspiracy
also, took place in Joint Statements with Debtor's X-attorney to ensure profits from extra attorney
fees. Miscalculation of the amount owed was covered up, and misrepresented on the amount of
debt for Claim #5 and 5-1, with discrimination multiple times. Debtor's FHA loan with PMI was

denied in 2020, 2021 and early 2022, no appropriate benefits by law, for requested CARES Act Covid-19 Forbearance. Appellant was granted **92 days** (June, July and August 2022) of relief under the LEGAL LAW National CARES Act    11 U.S.C. § 501; 11 U.S.C. § 525(d) and section 4022 through 4024 and, / or (15 U.S.C. §§§ 9056, 9057, 9058). The court was "dead wrong" about CARES Act Forbearance requirements under law. Plus others Federal laws "conspiracy" and "discrimination" laws, and SC State's Civil Conspiracy, Breach of Contract, and Mortgage laws. Debtor/Plaintiff, did not receive the 180 days CARES Act Forbearance requested that was deserved. This Creditor had a "pattern or practice" of switching or transferring Servicers' changing, (3) times in this loan helping to mislead the timeline and create another manifest injustice with hiding the facts; that costed this Debtor/Plaintiff personal injury, including many thousands of dollars. The Servicer's version of other forbearance's provided, still allowed various fees and profits for the Creditor while, siphoning funds from the homesteads equity. The Automatic STAY Order was also violated by the Creditor.

## SERVICE OF NOTICE:

The names of all parties to the Orders appealed from and the names, address, and telephone numbers of their respective attorneys are as follows:

**U.S. Bank National Association as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V, ("Creditor"):**
**Rushmore Loan Management Services LLC**

| | |
|---|---|
| 15480 Laguna Canyon Rd. | (888) 504-7300 / MOD@mortgagefamily.com |
| Suite 100 | www.rushmorelm.com (888) 504-6700 |
| Irvine, CA 92618 | rma@mortgagefamily.com |
| | customercare@mortgagefamily.com |

| | |
|---|---|
| **Anne Marie Throne SCBN 13573** | athrone@mtglaw.com |
| MCMICHAEL TAYLOR GRAY, LLC | Facsimile: 404-745-8121 |
| 3550 Engineering Drive, Suite 260 | MTG File No.:22-002283-01 |
| Peachtree Corners, GA 30092 | Telephone: 404-474-7149 |

-------------------------------------------------------------------------------------------------------

| | |
|---|---|
| **PHH Mortgage Services** | Tel: 1-877-744-2506 |
| 1Mortgage Way | Fax: 1-856-917-8300 |
| Mt. Laurel NJ 08054 | CustomerCare@mortgagefamily.com |

RelationshipManager@mortgagefamily.com

Attorney for Creditor / PHH Mortgage:

Gentry Collins, SC Fed. Dist. No 13219
Travis Menk, SC Fed. Dist. No. 10686          Telephone: 704)643-0290
BROCK & SCOTT, PLLC                            Facsimile: (704) 369-0760
8757 Red Oak Boulevard, Suite 150             E-Mail: SCBKR@brockandscott.com
Charlotte, NC 28217                            travis.menk@brockandscott.com
--------------------------------------------------------------------------------------------------------

**Ocwen Loan Servicing, LLC**                 1-800-74-OCWEN & 561-682-8000
1661 Worthington Road, Suite 100              WWW.OCWEN.COM
West Palm Beach, FL 33409                     (800)746-2936 / (888) 554-6599
                                              BKTrusteeQueries@Ocwen.com

Attorney for Creditor, and/or:  OCWEN Loan Servicing, LLC:
Travis Menk                                   On:  11/27/2018
Brock & Scott, PLLC                           704-369-0676
8757 Red Oak Blvd, Suite 150                  bankruptcy@brockandscott.com
Charlotte, NC 28217                           scbkr@brockandscott.com

Hutchens Senter Kellam Pettit PA - Hutchens Senter- On: 06/15/2017
Kellam Petti PA
4317 Ramsey Street                            910-864-6888
Fayetteville NC 28311

Respectfully submitted,

**Filed:  March 23, 2023**

**Gertrude C. F. Hamilton –Pro Se**
99 Elmwood Street
Walterboro, SC 29488
843-599-2257 – trudyham1@aol.com

# EXHIBIT's

**Doc 171 Filed 03/10/23**
**And**
**Doc 161 Filed 02/16/23**
**And**
**With the entire docket sheets for 18-04955-eg**

**ORDERS OF PARTITION**

**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number:  **18-04955-eg**

### ORDER DENYING MOTION TO RECONSIDER

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**03/10/2023**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 03/10/2023

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:

Gertrude Coretta Fennell Hamilton,

Debtor(s).

CASE NO: 18-04955-EG

Chapter 13

### ORDER DENYING MOTION TO RECONSIDER

Before the Court is the pleading entitled *"Objections to Errors in Order Entered: Doc / ECF No. 161 filed 02/16/2023"* ("Motion"), filed by Gertrude Coretta Fennell Hamilton ("Debtor") on March 1, 2023.[1] Based on the timing of the filing of the Motion,[2] the Court interprets Debtor's Motion as a motion to reconsider the Court's Order Overruling Debtor's Objection ("February Order"), entered on February 16, 2023, pursuant to Fed. R. Civ. P. 59(e).[3] *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010) (stating that a motion that seeks relief from an order should be analyzed only under Rule 59(e) if it was filed no later than 14 days after entry of the adverse judgment and seeks to correct that judgment). On March 7, 2023, the Court entered a text order notifying the parties that it was treating the Motion as a motion to reconsider the Court's February Order.[4]

The Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."

---

[1] ECF No. 163.
[2] The Motion was filed 13 days after the entry of the Court's Order Overruling Debtor's Objection.
[3] Fed. R. Civ. P. 59(e) is made applicable in bankruptcy cases pursuant to Fed. R. Bankr. P. 9023, and requires motions to alter or amend a judgment to be filed no later than 14 days after entry of the judgment.
[4] ECF No. 167.

*Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing cases). "The burden is on the moving party to establish one of these three grounds for relief." *McFadden v. Stirling*, Civil Action No.: 2:15-cv-04144-JMC, 2018 WL 3773925, at *1 (D.S.C. Aug. 9, 2018) (citing *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012)). The movant must be able to demonstrate a "direct, obvious, and observable" error of law. *In re Henning*, 420 B.R. 773, 785 (Bankr. W.D. Tenn. 2009). In addition, the movant must show that there is a "fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Id.* (internal quotations omitted).

The Fourth Circuit has instructed that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1810.1, at 127-28 (2d ed. 1995)); *see also Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994) ("Because of the interests in finality and conservation of judicial resources, Rule 59(e) motions are not at the disposal of an unsuccessful party to rehash the same arguments and facts previously presented; …and cannot be used to raise arguments which could, and should, have been made before the judgment issued,…or to submit evidence which should have been previously submitted.") (internal citations omitted). Furthermore, Rule 59(e) does not entitle a party "to a second bite at the apple using a new legal theory based on facts that existed at the time of the initial litigation." *In re Ft. Howard Dev., LLC*, 593 B.R.

427 (Bankr. D. Md. 2018) (citing *The Hanover Ins. Co. v. Corrpro Cos., Inc.*, 221 F.R.D. 458, 460 (E.D. Va. 2004)).

The Court has carefully reviewed Debtor's Motion and the record in this case. Debtor has not asserted in the Motion that there has been an intervening change in controlling law or that she has new evidence that was not available at trial. Therefore, Debtor must establish that the Court's February Order contains a clear error of law or that manifest injustice would result if relief is not granted. Debtor provides a list of alleged errors that are simply repetitive allegations that were previously addressed in the Court's February Order. For example, Debtor contends that the Court erred in its conclusion that U.S. Bank National Association and its servicers (collectively, "Creditor") did not engage in fraud, discrimination, and civil conspiracy against her. The Court has already addressed these allegations in the February Order, finding that these claims were not properly before the Court and further that there was no evidence to support them. Through her list of errors, the Debtor essentially requests the Court to reevaluate the basis upon which it made its prior ruling, which is an inappropriate use for a motion under Rule 59(e). *Projects Mgmt. Co. v. DynCorp Int'l, LLC*, 17 F. Supp. 3d 539 (E.D. Va. 2014).

Debtor further appears to assert that the Court applied the incorrect legal standard in its review of her civil conspiracy claim, asserting that an unlawful act is not one of the elements for a civil conspiracy claim and citing *Robertson v. First Union Nat'l Bank*, 350 S.C. 339, 348 (Ct. App. 2002). First, the Court observes that it concluded in the February Order the Debtor did not demonstrate that there was a second party who was engaged in a conspiracy with Creditor, which is an essential element to establish a claim for conspiracy under South Carolina law. *Paradis v. Charleston Cnty. Sch. Dist.*, 861 S.E.2d 774, 780

3

(S.C. 2021). Second, the Court finds that Debtor's statement of the law is incorrect. In *Paradis*, the South Carolina Supreme Court recently clarified that a plaintiff asserting a civil conspiracy claim "must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." *Id.* The South Carolina Supreme Court noted that by requiring these four elements, it was "returning not only to [its] historical roots, but also to the traditional elements of a civil conspiracy claim as they have been similarly defined by the majority of jurisdictions." *Id.*

To the extent that the Debtor attempts to assert new or additional claims under 11 U.S.C. §§ 362(a)(3), 501 and 525, the Consumer Financial Protection Act (12 U.S.C. §§ 5531, 5536(a)(1)(B)), the False Claims Act (31 U.S.C. §§ 3729-3733), S.C. Code Ann. § 39-5-10, the Real Estate Settlement Procedures Act (RESPA), 18 U.S.C. § 241, or 42 U.S.C. §§ 1985, 14141,[5] those claims cannot be raised in the context of a motion to reconsider an order pursuant to Fed. R. Civ. P. 59(e). *In re Ft. Howard Dev., LLC*, 593 B.R. at 429.

---

[5] 42 U.S.C. § 14141 was transferred to 34 U.S.C. § 12601, effective September 1, 2017, and is no longer in effect. 34 U.S.C. § 12601 provides:

(a) Unlawful conduct

It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(b) Civil action by Attorney General

Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

It is unclear from the Motion whether the Debtor is asserting that manifest injustice would occur if the Court does not reconsider the February Order. "To establish manifest injustice, [the Movant] must show that it acted with diligence and that it stands to suffer injury that is 'direct, obvious, and observable,' rather than mere potential prejudice." *In re Macdonald*, 622 B.R. 837, 853 (Bankr. D.S.C. 2020) (citing *Hartford Cas. Ins. Co. v. Farley Assocs., Inc.*, C/A No. 0:13-547-CMC, 2014 WL 4219953, at *5 (D.S.C. Aug. 25, 2014) (citing *Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2001)). The Debtor clearly disputes the accuracy of the Court's findings in the February Order. However, the Debtor's mere disagreement with the Court's February Order does not support relief under Rule 59(e). *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). "A prior decision does not qualify for reconsideration on grounds of clear error or manifest injustice by being 'just maybe or probably wrong.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). More precisely, the error or manifest injustice must render the Court's decision "dead wrong." *Id.* The Court finds that Debtor has failed to demonstrate manifest injustice in this case.

Because Debtor fails to identify any clear error of law or manifest injustice in the Court's conclusions or any other ground for relief under Rule 59(e), **IT IS ORDERED** that the *Objections to Errors in Order Entered: Doc / ECF No. 161 filed 02/16/2023* filed by Gertrude Coretta Fennell Hamilton is **DENIED.**

**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number:  **18-04955-eg**

**ORDER**

The relief set forth on the following pages, for a total of 21 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**02/16/2023**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 02/16/2023

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:

Gertrude Coretta Fennell Hamilton,

Debtor(s).

C/A No. 18-04955-EG

Chapter 13

**ORDER OVERRULING**
**DEBTOR'S OBJECTION**

**THIS MATTER** is before the Court on Gertrude Coretta Fennell Hamilton's ("Debtor")

Objection[1] to the Notice to Debtor in Response to Order Granting Motion to Incur Debt and Obtain

Credit ("Notice") filed by U.S. Bank National Association, not in its individual capacity but solely

as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V, by and through its servicer,

Rushmore Loan Management Services, LLC ("Creditor").[2]  From what the Court can discern from

the pleadings before it as well as arguments made at various hearings, the issues before the Court

arise following Debtor's request to incur debt to refinance or reinstate her mortgage loan to

Creditor.  After the Creditor, at the Court's direction, provided Debtor with the amount of the

payoff balance owed on her mortgage, the Debtor began making assertions that the figures

provided were not correct but rather inflated by improperly charged fees and interest and further

alleging that Creditor and its predecessors were involved in fraudulent and discriminatory conduct

and part of a civil conspiracy.

The matter is before the Court in an unusual procedural posture, as no motion has been

filed by any party requesting relief from the Court.  More specifically, Debtor filed the Objection[3]

---

[1] ECF No. 143, filed Nov. 30, 2022.  The Court is also considering Debtor's *Objections Notice to Creditor in Response to Entered Order Continuing Hearing and Requiring Creditor Representative to Appear* (ECF No. 157) which, as discussed more fully below, was filed in response to additional documentation provided by Creditor in connection with this matter and appears to supplement the Objection (ECF No. 143).

[2] ECF No. 141, filed Nov. 18, 2022.

[3] Since January 27, 2022, Debtor has represented herself in this bankruptcy case, and this Court has liberally construed her pleadings filed in this matter as required by applicable law. *See Cilwa v. Fort*, No. 7:17-cv-00450, 2018 WL 1801607, at *2 (D.S.C. Jan. 26, 2018) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97,

in response to the Notice, which Creditor filed to provide certain documents as required by the Court's order granting Debtor's motion to incur debt and obtain credit.[4]  In the Objection, Debtor raises concerns regarding the accuracy of the payoff information provided by Creditor and attempts to raise vague and conclusory claims of fraud, discrimination, and civil conspiracy.  Creditor filed a Response to Debtor's Objection, requesting a hearing.[5]  Given the history of the case as set forth in further detail below, the Court held the hearing on the Objection to hear the concerns that Debtor raised in an attempt to narrow the issues and provide her with an opportunity to explain what relief she was seeking from the Court.  At the initial hearing on the Objection held on December 14, 2022, it became clear to the Court that Creditor needed to provide additional documentation to Debtor to address her concerns and to also make available at a continued hearing a knowledgeable representative of the Creditor as a witness to address Debtor's allegations and concerns regarding the amounts owed on her loan and to provide a breakdown of the fees and charges on her account.

At the conclusion of the initial hearing, the Court entered an Order Continuing Hearing and Requiring Creditor Representative to Appear ("First Continuance Order").[6]  The First Continuance Order denied Debtor's request for relief on the grounds of discrimination and fraud and required Creditor to provide a payoff statement good through December 31, 2022, with a breakdown of escrow, recoverable corporate advances, attorney's fees and costs and any other fees or charges incurred, and a breakdown of unpaid interest due at payoff.  On January 4, 2023, Creditor filed a Notice in Response to the First Continuance Order, attaching a payoff statement and breakdowns

---

106 (1976)).  The Court has provided Debtor with multiple opportunities at hearings scheduled relating to this matter to present her arguments and provide evidence in support of her claims.
[4] Specifically, Creditor attached the following:  Notice of Temporary Forbearance filed 03/25/2022, Notice of Temporary Forbearance filed 06/17/2022, Notice of Forbearance Plan filed 08/26/2022, Notice of Forbearance Plan filed 10/14/2022, Forbearance Cancellation Letter Dated November 4, 2022, Payment History, Transaction History, Reinstatement Quote and Payoff Statement good through the end of November 2022, as well as a statement of the time periods of Covid-19 Forbearance plans extended to Debtor.
[5] ECF No. 146.
[6] ECF No. 148, filed Dec. 16, 2022.

of unpaid interest due at payoff, escrow/impound overdraft, suspense balance and recoverable corporate advances ("January Notice").  On Creditor's motion, the hearing on the matter was continued to February 2, 2023.  The order continuing the hearing ("Second Continuance Order") required Creditor to provide additional information regarding certain fees included on the payoff statement filed with the January Notice.[7]

Debtor then filed an objection to the January Notice, raising numerous questions and concerns regarding the documentation and information previously provided by Creditor (the "Final Objection").[8]  In response to the Second Continuance Order, Creditor filed a further notice providing Debtor's payment history and a description of fees ("Final Notice").[9]  The Court conducted a final hearing on the matter on February 2, 2022, which was attended by Debtor, Creditor's Counsel, and a Legal Proceeding Specialist for the Creditor, Darla Martin, who presented testimony regarding Debtor's mortgage loan and the amount of the payoff owed.  During the hearing, Debtor was provided with an opportunity to explain what relief she is seeking and what statutory authority she is relying upon, and to present any evidence in support of her claims.  Following a thorough review of the record, testimony and evidence presented and admitted into the record at the hearing, the Court makes the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

Over the past year, Debtor has raised concerns through documents filed with the Court and has made various allegations in her papers with respect to fees and expenses charged to her mortgage loan account, the improper application of her payments to her account, and the multiple COVID-19 forbearance periods applied to her account. On multiple occasions during the

---

[7] ECF No. 152, filed January 9, 2023.
[8] ECF No. 157, filed January 17, 2023.
[9] ECF No. 158, filed January 27, 2023.

bankruptcy case, Debtor has requested reinstatement and payoff quotes from Creditor for the asserted purpose of reinstating or refinancing her mortgage debt to Creditor through another lender but has been unsatisfied with the balance quotes provided by the Creditor. Debtor's confusion and frustration regarding her mortgage account appear to have been exacerbated by multiple transfers of the mortgage between loan servicing companies during her bankruptcy case and the fact that she has been proceeding in this matter without the assistance of counsel since January of 2022. Moreover, more than four years have passed since the case was filed, during which Debtor has made only 14 full mortgage payments.[10] Accordingly, the amount necessary to bring Debtor's loan current, including unpaid interest, escrow account shortages for taxes and insurance, and recoverable corporate advances,[11] has grown considerably from $21,355.47 as of the Petition Date to nearly $50,000 as of the date of the hearing on this matter.

## I.    Background

A detailed history regarding the pre-petition origination of Debtor's mortgage loan with Creditor's predecessor-in-interest and describing the events occurring between the parties in this bankruptcy case through the end of 2021 was provided in an order entered by Judge Waites[12] in this case on February 4, 2022 (*Order Granting Motion to Reconsider Relief from Stay and Denying Motion for Relief from Stay without Prejudice,* ECF No. 115) and is incorporated herein by reference.

To briefly summarize, Debtor fell behind in her payments on the mortgage loan in March of 2017, and Creditor's predecessor-in-interest, Ocwen Loan Servicing, LLC ("Ocwen"), filed a

---

[10] The Court notes that there was a period, from approximately June of 2019 until March of 2022, following Debtor's rejection of a loan modification offered by Creditor, during which it appears Creditor refused to accept payment from Debtor.

[11] Recoverable corporate advances are advances made by the mortgage lender for charges that are recoverable under the terms of the mortgage, such as property inspection fees, attorney's fees and costs, appraisal fees and title fees.

[12] This case was reassigned to the undersigned following Judge Waites' retirement in June of 2022.

foreclosure action against Debtor, ultimately obtaining a judgment of foreclosure and sale against Debtor on July 20, 2018. Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on September 28, 2018 (the "Petition Date"),[13] which stopped the judicial sale of Debtor's real property. Debtor filed a chapter 13 plan providing that she would seek "loss mitigation or a consensual loan modification (LM/MM) of the mortgage loan secured by the following property: 99 Elmwood Street, Walterboro, SC 29488."[14] Ocwen filed a proof of claim in Debtor's bankruptcy case, asserting a secured claim in the amount of $161,891.84, which includes pre-petition arrearage of $21,355.47 as of the Petition Date. The prepetition arrearage amount includes $4,692.93 in prepetition fees and costs. The Court entered an order requiring the parties to engage in loss mitigation/mortgage modification in accordance with Judge Waites' Chambers Guidelines on November 27, 2018.[15] Debtor's plan was confirmed on February 6, 2019.

On or about March 9, 2019, Ocwen transferred its mortgage claim to PHH Mortgage Corporation ("PHH"). Sometime in April or May of 2019, PHH offered Debtor a loan modification pursuant to the confirmed plan's loss mitigation provisions, but it was rejected by Debtor because it extended the repayment term an additional 11 years and required a significant balloon payment at the end of the repayment term.[16] PHH again offered Debtor a loan modification on December 21, 2021, which Debtor also rejected.[17]

---

[13] ECF No. 1.
[14] ECF No. 30, filed Oct. 19, 2018.
[15] ECF No. 35. The order provided that "[u]nless a shorter time is set by applicable law, rules or regulations, the Mortgage Creditor shall have a total of 120 days from entry of this Order ('Loss Mitigation Period') to conclude its consideration, and provide a final response to the Loss Mitigation Request by advising on all means of Loss Mitigation, including mortgage modification, or verify a denial (after the conclusion of all appeals) by filing a Mortgage Loan Modification Report. Any denial shall include a detailed explanation for the denial, including specific and enumerated reasons." The order further provided that after the expiration of the 120-day loss mitigation period, "[a]ll parties remain obligated to act in good faith and to continue the LM/MM review until its final conclusion."
[16] ECF No. 115, at 5.
[17] ECF No. 157, at 23.

## II.    Debtor's Requests for Forbearance Relief

Debtor asserts that she made her first request for COVID-19 forbearance relief under the CARES Act, 15 U.S.C. § 9056(b)(1), in October of 2020, because her son, who resides with her, lost his job due to COVID-19 and she relies upon his rental income to make her mortgage payments.  Debtor did not present any evidence corroborating her assertion that she made a request for COVID-19 forbearance relief in October of 2020.  The evidence indicates that Debtor made requests to PHH for CARES Act forbearance relief on August 26, 2021,[18] November 30, 2021, December 7, 2021,[19] December 16, 2021,[20] and in early January of 2022.[21]

## III.    Relief from Stay and Subsequent Order Vacating Relief from Stay

On April 29, 2021, PHH filed a motion for relief from the automatic stay based on Debtor's failure to make adequate protection payments during the bankruptcy case.[22]  On August 26, 2021, the day of the hearing on the motion for relief from stay, Debtor sent an email to PHH again requesting COVID-19 forbearance relief under the CARES Act because her son remained unemployed due to COVID-19.  At the hearing on the motion for relief from stay, Debtor's counsel requested a continuance to allow Debtor additional time to secure a refinance to pay off the mortgage loan, which the Court granted.  At the continued hearing on October 21, 2021, which Debtor did not attend, Debtor's counsel again requested additional time to allow Debtor to secure a refinance, but PHH objected to a further continuance, and the Court ultimately granted relief from stay.[23]

---

[18] ECF No. 115, at 10.
[19] ECF No. 143, at 12.
[20] ECF No. 143, at 11.
[21] ECF No. 143, at 12.
[22] The payment history on the loan indicates that prior to the filing of the motion for relief from stay, Debtor made only two full post-petition payments.  Debtor asserts that PHH refused to accept her payments.
[23] ECF No. 99, filed Oct. 29, 2021.

Debtor then filed a motion to reconsider the stay relief order.[24]  On December 22, 2021, PHH offered Debtor FHA loss mitigation relief, which Debtor rejected, asserting that a CARES Act forbearance was necessary because it precluded the assessment of further fees.  After a hearing on the motion to reconsider, the Court granted the Debtor's motion and vacated the stay relief order by order entered February 4, 2022,[25] finding that PHH did not properly consider Debtor for all available loss mitigation options, including her requests for COVID-19 forbearance relief, available under the CARES Act or the Federal Housing Authority's default servicing guidelines. Notably, the Court also determined that, based on the materials taken into evidence, it was unable at that time to conclude that the motion to reconsider should be granted based on fraud in obtaining relief from stay.

## IV.    Forbearance Provided to Debtor under CARES Act

PHH filed a Notice of Temporary Forbearance[26] on March 25, 2022, providing Debtor with CARES Act forbearance relief from March 1, 2022, through May 31, 2022.[27]  On June 17, 2022, PHH filed a second Notice of Temporary Forbearance, providing Debtor with CARES Act forbearance relief from June 1, 2022, through August 31, 2022.[28]  In late July of 2022,[29] the mortgage loan was transferred to Creditor, and on August 26, 2022, Creditor filed a Notice of Forbearance Plan, providing Debtor with COVID-19 forbearance relief from July 1, 2022, through

---

[24] ECF No. 101, filed Nov. 8, 2021.
[25] ECF No. 115.  The order further denied PHH's motion for relief from stay without prejudice.
[26] ECF No. 119.
[27] The Notice provided that Debtor is provided a temporary suspension of post-petition mortgage payments due and owing during the forbearance period and that all terms and provisions of the mortgage note and security instrument, other than the payment obligations, will remain in full force and effect unless otherwise adjusted by this court or through a loan modification.
[28] ECF No. 124.
[29] A Notice of Assignment of Claim was filed on July 29, 2022.

September 1, 2022.[30]  On October 14, 2022, Creditor filed a Notice of Forbearance Plan, providing Debtor with COVID-19 forbearance relief from July 1, 2022, through December 1, 2022.[31]

Debtor filed an objection to the October 14, 2022 Notice of Forbearance Plan, asserting that she did not request or agree to another forbearance and rejecting that forbearance.[32]  In her objection, Debtor indicated that the unrequested forbearance on her account was hampering her efforts to pursue a refinance of her mortgage.   Debtor's objection was resolved by the Creditor's agreement to cancel the last forbearance, and the Court entered a text order treating the matter as moot.[33] Following Debtor's rejection of the last forbearance, Creditor filed a Notice of Post Petition Mortgage Fees, Expenses and Charges on December 29, 2022, asserting charges for attorney's fees of $650 incurred on October 11, 2022 and property inspection fees totaling $40, incurred on July 19, 2022 and December 2, 2022.

## V.     Debtor's Motion to Incur Debt

Debtor filed a motion to incur debt on September 22, 2022, seeking, among other things, court approval to incur debt and/or obtain credit to refinance the mortgage loan and pay off Creditor.  The motion to incur debt also included allegations of fraudulent lending, conspiracy and discrimination against Creditor.  Creditor filed a response indicating that while it did not object to Debtor's motion to incur debt to pay off its mortgage loan, it objected to any allegations of fraud, conspiracy or discrimination.  The Chapter 13 Trustee filed a notice of consent to the motion to incur debt. At the hearing on the motion, Debtor raised concerns regarding Creditor's responsiveness to her requests for a payoff quote to allow her to proceed with the refinancing and

---

[30] Debtor sent a letter to Creditor on August 29, 2022 seeking to reinstate the mortgage and requesting a reinstatement quote.  ECF No. 129 at 4.
[31] ECF No. 133.
[32] ECF No. 134, filed Oct. 24, 2022.
[33] ECF No. 137, filed Nov. 3, 2022.

Creditor's charging of unnecessary fees to her account.  The Court granted Debtor's motion and entered an order authorizing Debtor to incur debt to refinance the mortgage loan and requiring Creditor to provide Debtor with (1) a payoff quote, (2) specific information as to the time period for which COVID-19 forbearance was extended to Debtor, and (3) contact information for a representative of Creditor knowledgeable about Debtor's mortgage loan.[34]  Debtor's remaining requests for relief, including claims based upon fraud, conspiracy, and discrimination, were denied without prejudice.

## VI.    Information Provided by Creditor Regarding Debtor's Mortgage

In response to the Court's order on Debtor's motion to incur debt, Creditor filed the Notice, which provided the following information: (1) Notice of Temporary Forbearance filed 3/25/22, (2) Notice of Temporary Forbearance filed 6/17/22, (3) Notice of Forbearance Plan filed 8/26/22, (4) Notice of Forbearance Plan filed 10/14/22, (5) Forbearance Cancellation Letter dated November 4, 2022, (6) Payment History, (7) Transaction History, (8) Reinstatement Quote good through November 30, 2022 and (9) Payoff Statement good through December 1, 2022.  The Notice also contains a statement regarding the time periods for COVID-19 Forbearance extended to Debtor, which included: (1) March 1, 2022 to May 31, 2022; (2) June 1, 2022 to August 31, 2022; (3) July 1, 2022 to September 1, 2022, which was then extended to include through December 1, 2022.  It further states that "Creditor has cancelled the Debtor's Forbearance pursuant to the terms of the Order."[35]

In response to the Court's First Continuance Order, Creditor filed the January Notice which provided the following information: (1) Payoff Statement Good through January 1, 2023, (2)

---

[34] ECF No. 138, filed Nov. 4, 2022.
[35] The Order on Debtor's Motion to Incur Debt stated only that "counsel for the Creditor indicated that she would contact her client to have the last forbearance cancelled," and therefore the date marking the end of the forbearance period remains unclear.

Unpaid Interest Due at Payoff Breakdown, (3) Escrow/Impound Overdraft Breakdown, (4) Suspense Balance Breakdown, and (5) Recoverable Corporate Advances Breakdown.  In addition, the January Notice provides explanations for several charges that were not due as of the filing of the January Notice, including the Recon/Recording Fee (which is charged if the loan is paid off), Fcl Fee/Cost Breakdown (charge for dismissal of foreclosure action), Bk Fee/Cost Breakdown (charge for handling of this instant bankruptcy matter), and Property Inspection Breakdown (fee for property inspection that would occur in January of 2023).  The January Notice indicates that the total amount to pay the loan in full, good through January 1, 2023, is $193,121.91.

On January 27, 2023, Creditor filed the Final Notice, which provided a payment history demonstrating the principal balance on the mortgage loan and a further explanation regarding the Fcl Fee/Cost Breakdown, Bk Fee/Cost Breakdown, and Property Inspection Breakdown.  The Final Notice indicates that the principal balance on the loan as of January 4, 2023, is $142,007.01.[36] The payment history attached to the Final Notice provides that during her bankruptcy case, Debtor made the following payments, which were applied to her account:

| Date | Payment Amount | Amount Due | Principal Balance |
|---|---|---|---|
| 2/28/2019 | $1,183.42 | $1,172.17 | $146,112.50 |
| 3/29/2019 | $887.05 | $1,172.17 | $146,112.50 |
| 4/30/2019 | $887.05 | $1,172.17 | $145,805.67 |
| 5/8/2019 | $887.05 | $1,172.17 | $145,497.37 |
| 3/10/2021 | $347.71 | $1,172.17 | $145,497.37 |
| 3/23/2022 | $1,201.07 | $1,172.17 | $145,497.37 |
| 4/28/2022 | $587.99 | $1,172.17 | $145,187.59 |
| 5/26/2022 | $1,201.17 | $1,172.17 | $144,876.33 |
| 6/22/2022 | $1,201.17 | $1,175.05 | $144,563.58 |
| 7/28/2022 | $1,120.83 | $1,175.05 | $144,249.33 |
| 8/26/2022 | $1,120.83 | $1,175.05 | $143,933.57 |
| 10/3/2022 | $1,201.17 | $1,175.05 | $143,616.30 |
| 10/28/2022 | $1,201.17 | $1,175.05 | $142,977.19 |
| 11/25/2022 | $1,288.00 | $1,175.05 | $142,655.34 |

[36] ECF No. 158, at 5.

| 12/29/2022 | $1,221.17 | $1,175.05 | $142,331.95[37] |

## CONCLUSIONS OF LAW

Debtor's Objection raises several issues, which can be summarized as follows: (1) whether the payoff information provided by Creditor was accurate; (2) whether Creditor improperly charged fees to her account during her COVID-19 forbearance period; and (3) whether Creditor engaged in fraud, discrimination, or civil conspiracy against Debtor during her bankruptcy case.

### I.    Accuracy of Payoff Information

From the outset, the Court observes that Debtor has not filed an objection to Creditor's proof of claim. Debtor has not asserted that Creditor's proof of claim does not meet the requirements of Fed. R. Bankr. P. 3001, which governs the form and content of a proof of claim. Therefore, Creditor's proof of claim is *prima facie* valid under Fed. R. Bankr. P. 3001(f) and is deemed allowed under 11 U.S.C. § 502(a). It is unclear which provision of the Bankruptcy Code or Federal Rule of Bankruptcy Procedure Debtor relies upon to seek relief regarding her assertion that Creditor provided her with inaccurate payoff information.

While her various objections have asserted vague and uncorroborated allegations that the balance on her loan is inaccurate as a result of improperly applied payments, fees, and charges that should not have been added to her outstanding balance, in the Final Objection, Debtor pointed out some specific examples of how the Creditor's figures are not accurate. By way of example, Debtor first asserts that a pre-petition payment made on January 21, 2018 was applied to "Unapplied Funds" instead of principal and interest. Debtor's payment on that date was in the amount of $932.81, which is less than her contractual monthly payment at that time of $1,120.83.[38] Debtor's

---

[37] The payment history reflects that a pre-petition payment was applied on January 4, 2021, bringing the principal balance to $142,007.01.
[38] Proof of Claim 5-1, at 13.

mortgage account statement[39] from February 19, 2018 indicates that this payment was applied to Unapplied Funds and further states that: "Any partial payments made are not applied to the mortgage account, but instead are held in a separate unapplied funds account.  If the balance of a partial payment is paid, the funds will then be applied to the mortgage account."  Debtor has failed to demonstrate that Creditor's application of this payment was improper.

Debtor argues that other payments made during the course of her bankruptcy case were not accurately applied to her account.  Specifically, she asserts that timely monthly payments made from March 23, 2022 through November 18, 2022 were not accounted for in the payoff quote provided by Creditor in the Notice.  She further asserts that her interest payments from 2018, 2019, and 2022 were not accurately reflected in the payoff quote.  Creditor's representative, Ms. Martin, testified that the payment history attached to the Final Notice accurately reflected the application of Debtor's payments made during her bankruptcy case to principal and interest and that the payoff quote filed on January 4, 2023 (ECF No. 150, at 5) accurately reflected the amount due as of January 1, 2023.  Debtor cross-examined Ms. Martin but failed to demonstrate through her questioning that there were any errors or discrepancies in the payment history or payoff quote.

Debtor further asserts that the escrow balance on the payoff quote is "misleading or intentionally wrong."[40] She refers to a February 1, 2022 monthly statement from PHH,[41] which shows an escrow balance of $7,098.21, and the January 4, 2023 payoff quote, which shows an escrow balance of $8,393.75.[42]  Debtor appears to be concerned that the escrow account balance increased by $1,295.54 from February 1, 2022 to January 4, 2023, despite the payments she made during 2022. Debtor's mortgage provides for the escrow of taxes and insurance, which means that

---

[39] ECF No. 157, at 14.
[40] ECF No. 157, at 10
[41] ECF No. 157, at 28.
[42] ECF No. 150, at 5.

Debtor is obligated to "include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for … taxes … and premiums for insurance…."[43] It appears that hazard insurance was paid by PHH in the amount of $1,527.00 on February 2, 2022. It further appears that three escrow repayments from Debtor totaling $495.66 were credited to the escrow account by PHH, bringing the escrow balance to $8,129.55. When the loan was acquired by Creditor in August of 2022, the acquired escrow advance was $8,129.55. Creditor paid taxes on November 22, 2022 in the amount of $833.60, increasing the escrow balance to $8,963.15. Creditor's payment history beginning in August of 2022 reflects that five escrow payments totaling $569.40 were credited to the escrow account,[44] bringing the escrow balance to $8,393.75, which is the amount stated on the January 4, 2023 payoff quote.

In the Final Objection, Debtor further points to a pre-foreclosure referral letter, dated May 18, 2017, which shows an escrow balance of $509.82, arguing that the increase to $8,393.75 in 2023 is misleading or wrongful. Considering the amounts incurred by Creditor and its predecessors in interest for taxes and hazard insurance on the property, it does not appear unusual for the escrow balance to increase by nearly $2,000 per year during the bankruptcy case when Debtor only made 15 payments. The Court finds no evidence to support Debtor's claim that the escrow balance was misleading or intentionally wrong.

## II.    Improperly Charged Fees during COVID-19 Forbearance

Debtor asserts that Creditor and PHH improperly charged fees during the COVID-19 Forbearance period in violation of the CARES Act. The CARES Act, 15 U.S.C. § 9056(b), permits a borrower to "request forbearance on a Federally backed mortgage loan, regardless of delinquency status, by (A) submitting a request to the borrower's servicer; and (B) affirming that the borrower

---

[43] Proof of Claim 5-1, at 55 (Copy of Recorded Mortgage, dated January 16, 2008).
[44] ECF No. 150, at 14.

is experiencing a financial hardship during the COVID-19 emergency." During the COVID-19 forbearance period, "no fees, penalties, or interest beyond the amounts scheduled or calculated as if the borrower made all contractual payments on time and in full under the terms of the mortgage contract, shall accrue on the borrower's account." 15 U.S.C. § 9056(b)(3). According to the mortgage account information provided by Creditor, the only fees charged to Debtor's account from March 2019 through the date of the hearing were a property inspection fee in the amount of $20.00 incurred on July 22, 2022, a "Bankruptcy Fee" of $650.00 incurred on October 19, 2022, and a property inspection fee incurred on December 7, 2022.[45] Although it remains unclear to the Court the exact dates of the forbearance period provided to Debtor,[46] Creditor's representative testified that the forbearance period began on March 1, 2022 and terminated on November 4, 2022, when Debtor rejected the final forbearance provided by Creditor in the Notice of Forbearance Plan filed on October 14, 2022. Accordingly, the Court concludes that the property inspection fee incurred on July 22, 2022 and the "Bankruptcy Fee" incurred on October 19, 2022 are nonrecoverable by the Creditor, because they were charged to Debtor's account during the COVID-19 forbearance period in violation of 15 U.S.C. § 9056(b)(3).

Debtor further asserts that her attorney's fees could have been avoided if Creditor had honored its obligations under the CARES Act. Debtor refers to the Statement of Supplemental Chapter 13 Fees filed by her former counsel on May 6, 2021, for work connected with the preparation and filing of an objection to Creditor's motion for relief from stay pursuant to SC LBR

---

[45] These charges are also reflected in the Notice of Postpetition Mortgage Fees, Expenses, and Charges filed by Creditor on December 29, 2022. This notice indicates that the "Bankruptcy Fee" was for Creditor's response to Debtor's Motion to Incur Debt and Obtain Credit.

[46] The confusion regarding the forbearance period lies in the lack of specificity regarding Creditor's cancellation of the forbearance. In the Notice, Creditor states only that "Creditor has cancelled the Debtor's Forbearance pursuant to the terms of the Order." (ECF No. 141). The Order merely stated that "counsel for the Creditor indicated that she would contact her client to have the last forbearance cancelled," and therefore the Court treated the Debtor's objection to forbearance as moot as no further relief was being sought at that time.

2016-1(b)(2).[47]   Debtor was charged $500 for those services.   The Statement of Supplemental Chapter 13 Fees expressly states that "[u]nless an objection to the Statement is filed within fourteen (14) days of service or unless the Court orders otherwise, the supplemental fee shall be approved for disbursement subject to the terms of the confirmed plan and SC LBR 2016-1."   It appears that Debtor was properly served with a copy of the Statement of Supplemental Fees, but Debtor did not file an objection to the Statement within the applicable deadline.   The Statement of Supplemental Chapter 13 Fees further states that all supplemental fees approved for disbursement "remain subject to the Court's consideration of the fee under 11 U.S.C. § 329(b) at any time prior to the closing of the case."[48]

Based on the Court's record, Debtor's former counsel appeared and represented Debtor's interests at two hearings that were held regarding the stay relief motion.   The fee appears to be authorized by the retainer agreement with Debtor's former counsel, which is signed by Debtor.   Debtor also did not raise this issue in connection with her counsel's motion to withdraw as attorney, filed on January 18, 2022, nor did she request relief regarding these attorney's fees in connection with her motion to reconsider relief from stay.   It is unclear the legal basis, statutory or otherwise, upon which Debtor now seeks relief from these attorney's fees, more than a year after they were incurred.   Even if the Court were to undertake a review of the fees under 11 U.S.C. § 329(b), it appears that the fees are in line with the customary rates charged in chapter 13 cases for similar services.   *See In re Welch*, 464 B.R. 518, 527 (Bankr. D.S.C. 2022) ("In determining what constitutes reasonable compensation, the Court may rely on its own expertise regarding reasonable

---

[47] ECF No. 87, filed May 6, 2021.
[48] 11 U.S.C. § 329(b) provides that if "compensation [to an attorney representing the debtor] exceeds the reasonable value of any such services, the court may cancel any such agreement [for services rendered in connection with the debtor's case], or order the return of any such payment, to the extent excessive to (1) the estate … or (2) the entity that made such payment."

compensation and review fees charged by and awarded to other attorneys who represent debtors in chapter 13 cases in this District"). It appears that 15 U.S.C. § 9056(b)(3) protects Debtor from being charged with fees by the Creditor during the forbearance period, not her counsel. Therefore, Debtor's request for relief regarding her attorney's fees for defending the motion for relief from stay is denied.

### III.     Fraud, Discrimination, and Civil Conspiracy

Finally, Debtor claims that Creditor's conduct in connection with her bankruptcy case constitutes fraud, discrimination, and/or civil conspiracy and therefore she requests that the Creditor's claim be "discharged." As an initial matter, the Court finds that these claims are not properly before the Court and should be denied on this basis alone. Debtor attempts to raise these claims in an objection to Notice filed by Creditor, which merely contains documentation Creditor was ordered by the Court to provide. Debtor has neither filed an objection to Creditor's claim under 11 U.S.C. § 502 nor a complaint challenging the validity of Creditor's lien in an adversary proceeding in this Court. *See* Fed. R. Bankr. P. 7001(2) (stating that a proceeding to "determine the validity, priority, or extent of a lien or other interest in property" is an adversary proceeding).

Notably, claims of fraud are required to be alleged with particularity under Fed. R. Bankr. P. 7009(b), which provides that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Since Debtor is self-represented, the Court will liberally construe her Objection and consider the "claims" raised therein. *Cilwa v. Fort*, No. 7:17-cv-00450, 2018 WL 1801607, at *2. However, "[t]he mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which an appellant could prevail, it should do so." *Id.* With that said, based on the evidence presented, the Court cannot make any findings of fraud, discrimination, and/or civil conspiracy.

16

A. *Fraud*

Debtor asserts that her counsel and PHH were aware of her request for CARES Act forbearance and had "both a motive and intent to deceive this Debtor and the bankruptcy court; greed for them to get paid." In order to establish a claim for fraud under South Carolina law, "the following elements must be shown: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." *Regions Bank v. Schmauch*, 354 S.C. 648, 672, 582 S.E.2d 432, 444-45 (Ct. App. 2003). In its February 4, 2022 Order, the Court concluded that PHH did not properly consider Debtor for all available loss mitigation options, including her requests for COVID-19 forbearance relief, available under the CARES Act or the Federal Housing Authority's default servicing guidelines. For this reason, the Court vacated its order granting relief from stay and reinstituted the stay in Debtor's bankruptcy case. However, the Court specifically concluded that fraud was not a basis for its reconsideration of the stay relief order. Since that time, PHH and Creditor have complied with the Court's directives by providing Debtor with forbearance from March 1, 2022 through November 4, 2022, when she rejected any further forbearance. Moreover, other than the two charges for fees discussed above, Creditor appears to have waived all other fees and charges on the account from March of 2019 forward.

Debtor contends that the back-dating of the Notice of Forbearance Plan is evidence of a planned misleading scam to cover up fees during the forbearance. Debtor asserts that the Notice of Forbearance Plan filed on October 14, 2022 was filed to prevent Debtor from being able to obtain funds to bring the mortgage current. While there does appear to be an overlap in the dates

of forbearance provided, this appears to have been likely caused by the transfer of the mortgage from PHH to Creditor in late July of 2022 during the overlapping period.[49]  The only fee charged during that time period was the $20 property inspection fee, which the Court has disallowed. Debtor requests that Creditor backdate and delete "staged" fees from April 2021 through April 2022 with extensions for the maximum amount of added time allowed for CARES Act forbearance.  It does not appear that any fees were charged to her account by Creditor during this time period.  Therefore, Debtor has failed to demonstrate any injury from the alleged intentional backdating or any legal authority supporting the relief she requests and therefore Debtor's request for relief on those grounds is denied.

Debtor further argues that Creditor's proof of claim is misleading or a misrepresentation of material fact because it states that the total debt is $161,891.84 and the arrearage is $21,355.47. Debtor states that the Form 1098 for 2019 confirms that the outstanding principal balance is $145,806.67.[50]  It appears that Debtor misunderstands the figures stated on the Creditor's proof of claim.  The $161,891.84 figure is the total debt calculation, which includes the principal balance, interest due, fees, costs, and escrow deficiency for funds advanced, less the total funds on hand. The Mortgage Proof of Claim Attachment to the proof of claim states that the principal balance as of the date of the petition (September 28, 2018) is $146,417.86.  The amounts stated on the proof of claim do not appear to be misleading or misrepresented.  As discussed above, Debtor has not objected to Creditor's proof of claim and it is deemed *prima facie* valid under Fed. R. Bankr. P.

---

[49] Debtor asserts that Creditor shows a "pattern or practice of changing to another servicer instead of addressing and correcting mistakes on this mortgage loan" and engages in suspicious accounting acts with applying funds to suspense and unapplied funds accounts.  As discussed above, the Court finds no evidence of improper accounting practices by Creditor regarding Debtor's mortgage loan, other than the two fees charged during the forbearance period which the Court has disallowed.
[50] ECF No. 157, at 16.

3001(f).   Accordingly, the Court finds no reasonable basis to find that Debtor has stated a valid claim for fraud and denies Debtor's request for relief on this ground.

### B.  Discrimination

Debtor further argues that PHH's denial of Debtor's requests for forbearance prior to 2022 constitutes discrimination in violation of 11 U.S.C. § 525(d), which provides that "a person may not be denied relief under sections 4022 through 4024 of the CARES Act (15 U.S.C. [§§] 9056, 9057, 9058) because the person is or has been a debtor under this title."  11 U.S.C. § 525(d).  As discussed above, the Court previously concluded that PHH's denial of forbearance was improper and constituted grounds to vacate its stay relief order.  Following the entry of the order vacating the relief from stay, PHH and Creditor provided Debtor with forbearance relief under the CARES Act, extending the periods of forbearance until Debtor rejected further extensions on November 4, 2022.  As a result of the Court's order vacating the stay relief order and the Creditor's waiver of fees incurred from March 2019 forward, it appears that Debtor has, in effect, received forbearance for nearly four years.  The Court is unable to discern from the record what further relief Debtor is now requesting.  Accordingly, Debtor's request for relief on grounds of discrimination in violation of 11 U.S.C. § 525(d) is denied.

### C.  Conspiracy

Debtor asserts that from May 27, 2021 through January 26, 2022, unnecessary hearings were intentionally staged to heighten attorney fees and deplete her equity.  She argues this conduct constitutes a civil conspiracy.  Under South Carolina law, a plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff.  *Paradis v. Charleston*

*Cnty. Sch. Dist.*, 861 S.E.2d 774, 780 (S.C. 2021). It is unclear from the record which entity or person Debtor asserts engaged in the alleged conspiracy with Creditor. The record reflects that no attorney fees were charged by Creditor to Debtor's mortgage account during this period. The Court finds that Debtor has presented no evidence indicating a claim for civil conspiracy exists under state law. Accordingly, the Court denies Debtor's request for relief on this ground.

## CONCLUSION

The Court has carefully considered each of Debtor's allegations and has spent a significant number of hours reviewing her pleadings and the evidence presented into the record. The Creditor has been cooperative and responsive to the Court's orders requiring it to provide further information. At this time, Debtor has rejected further forbearance, and the Court finds that the COVID-19 forbearance period provided by Creditor has concluded. Accordingly, it is worth noting that unless Debtor can assert some plausible reason otherwise, it appears that Creditor may charge Debtor's mortgage account in accordance with the loan documents for further fees and charges, including attorney's fees for responding to requests for relief from Debtor filed with the Court incurred after the forbearance period terminated.

For the foregoing reasons set forth in this Order, Debtor's Objection to Creditor's Notice to Debtor in Response to Order Granting Motion to Incur Debt and Obtain Credit is overruled and all requests for relief contained in her Objection are denied, except that the Court finds that the property inspection fee of $20.00 incurred by Creditor's predecessor in interest on July 22, 2022 and the "Bankruptcy Fee" of $650.00 incurred by Creditor on October 19, 2022 are nonrecoverable fees and must be removed as charges on Debtor's mortgage account.

**AND IT IS SO ORDERED.**

20

**DEBTED**

# United States Bankruptcy Court
## District of South Carolina (Charleston)
## Bankruptcy Petition #: 18-04955-eg

|  |  |
|---|---|
| *Date filed:* | 09/28/2018 |
| *Plan confirmed:* | 02/06/2019 |
| *341 meeting:* | 12/19/2018 |
| *Deadline for filing claims:* | 12/07/2018 |
| *Deadline for filing claims (govt.):* | 03/27/2019 |

*Assigned to:* Judge Elisabetta GM
Gasparini
Chapter 13
Voluntary
Asset

**Debtor**
**Gertrude Coretta Fennell**
**Hamilton**
99 Elmwood Street
Walterboro, SC 29488
COLLETON-SC
843 599-2257
SSN / ITIN: xxx-xx-9573
*aka* **Gertrude CF Fennell**
*aka* **Gertrude Coretta**
**Hamilton**
*aka* **Gertrude C Hamilton**
*aka* **Gertrude CF Fennell**
*aka* **Gertrude C Fennell**
**Hamilton**
*aka* **Gertrude Fennell**
**Hamilton**
*aka* **Gertrude F Hamilton**
*aka* **Trudy Hamilton**
*aka* **Trudy F Hamilton**
*aka* **Gertrude Hamilton**
*aka* **Gertr Fennell**
**Hamilton**
*aka* **Gertrude C Fennell**
*aka* **Gertrude Fennell**

represented
by

**Gertrude Coretta Fennell**
**Hamilton**
PRO SE

**Elizabeth R Heilig**
Meredith Law Firm, LLC
2411 N. Oak Street
Suite 107
Myrtle Beach, SC 29577
843-445-6300
Fax : 843-445-6304
Email: eheilig@meredithlawfirm.com
*TERMINATED: 01/27/2022*

**Elizabeth R Heilig**
(See above for address)
*TERMINATED: 01/27/2022*

**Elizabeth R Heilig**
(See above for address)
*TERMINATED: 01/27/2022*

**Elizabeth R Heilig**
(See above for address)
*TERMINATED: 01/27/2022*

**Elizabeth R. Heilig**
(See above for address)
*TERMINATED: 01/27/2022*

TRUE COPY
TEST:
US BANKRUPTCY COURT
DISTRICT OF SC

BY: DEPUTY CLERK (12)

***Trustee***
**James M. Wyman**
PO Box 997
Mount Pleasant, SC
29465-0997
(843) 388-9844

***U.S. Trustee***
**US Trustee's Office**
Strom Thurmond Federal
Building
1835 Assembly Street
Suite 953
Columbia, SC 29201

| Filing Date | # | Docket Text |
|---|---|---|
| 09/28/2018 | <u>1</u><br>(11 pgs) | Chapter 13 Voluntary Petition - Individual<br><br>Case was received at the window. Filed by Gertrude CF Hamilton . (Weathers, K) (Entered: 09/28/2018) |
| 09/28/2018 | 2 | Bankruptcy Form 121 SSN. Filed by Gertrude CF Hamilton . (Weathers, K) (Entered: 09/28/2018) |
| 09/28/2018 | <u>3</u><br>(1 pg) | Certificate of Credit Counseling Filed by Gertrude CF Hamilton . (Weathers, K) (Entered: 09/28/2018) |
| 09/28/2018 | <u>4</u><br>(2 pgs) | Application to Pay Filing Fee in Installments. Filed by Gertrude CF Hamilton. (Weathers, K) (Entered: 09/28/2018) |
| 09/28/2018 | 5 | Debtor's Request to Decline Electronic Noticing. DOCUMENT IMAGE AVAILABLE ONLY TO COURT USERS AND THE TRUSTEE/US TRUSTEE. Filed by Gertrude CF Hamilton . (Weathers, K) (Entered: 09/28/2018) |

| | | |
|---|---|---|
| 09/28/2018 | <u>6</u><br>(3 pgs; 2 docs) | Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, Deadlines and Notice of Appointment of Interim Trustee James M. Wyman, .Document Served. 341(a) meeting to be held on 11/06/2018 at 11:00 AM at Charleston. Last day to oppose dischargeability of certain debts is 01/07/2019. Proofs of Claim or Interest due by 12/07/2018. Confirmation Hearing to be held on 12/20/2018 at 09:30 AM at Charleston. (Entered: 09/28/2018) |
| 09/28/2018 | | Receipt of Chapter 13 Filing Fee(installments) - $75.00 by NH. Receipt Number 278200. (admin) (Entered: 09/28/2018) |
| 09/28/2018 | <u>7</u><br>(3 pgs; 2 docs) | Order Regarding Procedures for Loss Mitigation/Mortgage Modification. Notice and service of this Order is delegated to Debtor's Counsel, unless Debtor is acting pro se, in which case, notice and service is delegated to Debtor. Document Served. (ADI) (Entered: 09/28/2018) |
| 09/28/2018 | <u>11</u><br>(3 pgs; 2 docs) | Notice of Filings Due: Summary of Assets and Liabilities due 10/12/2018. Declaration About an Individual Debtors Schedules due 10/12/2018. Schedule A/B due 10/12/2018. Schedule C due 10/12/2018. Schedule D due 10/12/2018. Schedule E/F due 10/12/2018. Schedule G due 10/12/2018. Schedule H due 10/12/2018. Schedule I due 10/12/2018. Schedule J due 10/12/2018. Statement of Financial Affairs due 10/12/2018.Chapter 13 Stmt of Income/Calculation Due: 10/12/2018. Copies of Payment Advices due by 10/12/2018. Stmt of Increase Income/Exp due by: 10/12/2018. Chapter 13 Plan due by 10/12/2018. Incomplete Filings due by 10/12/2018. (Mobley, B) (Entered: 10/01/2018) |
| 09/29/2018 | <u>8</u><br>(1 pg) | Notice of Appearance and Request for Notice Filed by PRA Receivables Management, LLC. (PRA Receivables Management, LLC) (Entered: 09/29/2018) |

| | | |
|---|---|---|
| 09/29/2018 | **10**<br>(4 pgs; 2 docs) | Pro Se Letter of Instruction with Attachments (Related Document # 1 ). (ADI) (Entered: 10/01/2018) |
| 09/30/2018 | **9**<br>(4 pgs) | Certificate of Service of Meeting of Creditors Notice as served by the Bankruptcy Noticing Center. Notice Date 09/30/2018. (Related Doc # 6) (Admin.) (Entered: 10/01/2018) |
| 10/01/2018 | 12 | Court Certificate of Mailing of re: Notice of Filings Due PRO SE Date Filed: 10/1/2018 Parties Served: Debtor via Mail (related document(s)11) (Mobley, B) (Entered: 10/01/2018) |
| 10/01/2018 | **13**<br>(2 pgs; 2 docs) | Order Granting Application To Pay Filing Fees In Installments. Initial Fee Paid: 75.00. Amount of Second Payment: 70.00. Amount of Third Payment: 70.00. Amount of Fourth Payment: 95.00. Document Served. (Related Doc # 4). Second Installment Payment due by 10/31/2018. Third Installment Payment due by 11/30/2018. Fourth Installment Payment due by 12/31/2018. (Henton, N) (Entered: 10/01/2018) |
| 10/03/2018 | **14**<br>(3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 10/03/2018. (Related Doc # 13) (Admin.) (Entered: 10/04/2018) |
| 10/03/2018 | **15**<br>(3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 10/03/2018. (Related Doc # 11) (Admin.) (Entered: 10/04/2018) |
| 10/03/2018 | **16**<br>(3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 10/03/2018. (Related Doc # 7) (Admin.) (Entered: 10/04/2018) |
| 10/03/2018 | **17**<br>(4 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 10/03/2018. (Related Doc # 10) (Admin.) (Entered: 10/04/2018) |

| | | |
|---|---|---|
| 10/12/2018 | <u>18</u><br>(2 pgs) | Notice of Appearance and Request for Notice with Certificate of Service Filed by Elizabeth R. Heilig of Meredith Law Firm, LLC on behalf of Gertrude CF Hamilton. (Heilig, Elizabeth) (Entered: 10/12/2018) |
| 10/12/2018 | <u>19</u><br>(4 pgs) | Motion to Extend Time To File schedules, statements, plan, pay advices, with Certificate of Service Filed by Elizabeth R. Heilig of Meredith Law Firm, LLC on behalf of Gertrude CF Hamilton. (Heilig, Elizabeth) (Entered: 10/12/2018) |
| 10/12/2018 | <u>20</u><br>(2 pgs) | Proposed Order RE: Motion to Extend Time To File schedules, statements, plan, pay advices, with Certificate of Service Filed by Elizabeth R. Heilig of Meredith Law Firm, LLC on behalf of Gertrude CF Hamilton. Filed by Elizabeth R. Heilig of Meredith Law Firm, LLC on behalf of Gertrude CF Hamilton. (related document(s)<u>19</u>). (Heilig, Elizabeth) (Entered: 10/12/2018) |
| 10/15/2018 | <u>21</u><br>(2 pgs; 2 docs) | Order Granting Motion to Extend Time Until 10/22/2018 to File Schedules/Statements. (Related Doc # <u>19</u>). Document Served. (Mobley, B) (Entered: 10/15/2018) |
| 10/17/2018 | <u>23</u><br>(3 pgs) | Notice and Motion for Dismissal at Confirmation Hearing if Documents Not Provided or Failure to Attend Meetings/Hearings with Certificate of Service. (Wyman, James) (Entered: 10/17/2018) |
| 10/17/2018 | <u>24</u><br>(2 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 10/17/2018. (Related Doc # <u>21</u>) (Admin.) (Entered: 10/18/2018) |
| 10/19/2018 | <u>25</u><br>(57 pgs) | Schedules Filed: Summary of Assets and Liabilities Schedule A/B Schedule C Schedule D Schedule E/F Schedule G Schedule H Schedule I Schedule J Declaration About an Individual Debtors Schedules; Statements Filed: Statement of Financial Affairs Statement Disclosing Anticipated Increase in |

| | | | |
|---|---|---|---|
| | | | Income or Expenditures Notice Required by 11 U.S.C. Section 342(b) Disclosure of Compensation of Attorney for Debtors Certification Verifying Creditor Matrix Creditor Matrix Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period Chapter 13 Calculation of Your Disposable Income FEE REQUIRED for an Individual Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude CF Hamilton. (Heilig, Elizabeth) (Entered: 10/19/2018) |
| 10/19/2018 | | | Receipt of Filing Fee for Schedules/Statements Filed(18-04955-jw) [misc,schstmt] ( 31.00). Receipt Number 11102872, amount 31.00. (U.S. Treasury) (Entered: 10/19/2018) |
| 10/19/2018 | | 26 | Debtor's Request to Decline Electronic Noticing. DOCUMENT IMAGE AVAILABLE ONLY TO COURT USERS AND THE TRUSTEE/US TRUSTEE. Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude CF Hamilton. (Heilig, Elizabeth) (Entered: 10/19/2018) |
| 10/19/2018 | | 27 (8 pgs) | Amended Voluntary Petition Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude CF Hamilton. (related document(s)1). (Heilig, Elizabeth) (Entered: 10/19/2018) |
| 10/19/2018 | | 28 (1 pg) | Copies of Payment Advices Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude CF Hamilton. (Heilig, Elizabeth) (Entered: 10/19/2018) |
| 10/19/2018 | | 29 (1 pg) | Consent Allowing Payment of Funds to Creditor/Debtor Attorney - Non-Conduit Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude CF Hamilton. (Heilig, Elizabeth) (Entered: 10/19/2018) |
| 10/19/2018 | | 30 (11 pgs) | Notice and Plan with Certificate of Service. Objections due no later than 7 days prior to the Confirmation Hearing, Motion to |

| | | |
|---|---|---|
| | | Establish Value Included in Chapter 13 Plan, Debtor(s) Statement in Support of Confirmation Filed by Gertrude CF Hamilton. Date Served 10/19/2018. (Heilig, Elizabeth) . (Entered: 10/19/2018) |
| 10/19/2018 | <u>31</u><br>(3 pgs) | Certificate of Service related to Bankruptcy Form 121 SSN, Meeting of Creditors (Chapter 13), Plan, Valuation Included in Ch. 13 Plan, Statement in Support of Confirmation Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude CF Hamilton. (related document(s)<u>6</u>, <u>30</u>, <u>2</u>). (Heilig, Elizabeth) (Entered: 10/19/2018) |
| 10/19/2018 | <u>32</u><br>(7 pgs; 2 docs) | Amended Voluntary Petition *Amendment to Petition Correcting Debtor's Name* Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude CF Hamilton. (related document(s)<u>1</u>). (Attachments: # <u>1</u> Certificate of Service with Mailing Matrix) (Heilig, Elizabeth) (Entered: 10/19/2018) |
| 10/31/2018 | | Receipt of Chapter 13 Filing Fee(installments) - $117.50 by NH. Receipt Number 278284. (admin) (Entered: 10/31/2018) |
| 11/02/2018 | <u>33</u><br>(3 pgs) | Notice and Motion for Loss Mitigation/Mediation and Notice of Possible Hearing. with Certificate of Service. Mortgage Creditor: Ocwen Loan Servicing, LLC. Proposed Payment of Additional Attorney Fees: The entire fee of $1700 shall be paid to Debtors Counsel from the Chapter 13 Plan. Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude Coretta Fennell Hamilton. If a response, return, and/or objection is timely filed, a hearing will be held on 11/29/2018 at 10:30 AM at Charleston. Date Served 11/2/2018. Last day for objections is 11/16/2018. (Heilig, Elizabeth) (Entered: 11/02/2018) |
| 11/07/2018 | | Statement Adjourning Meeting of 341(a) |

| | | |
|---|---|---|
| | | Meeting of Creditors. Section 341(a) Meeting Continued to 12/19/2018 at 09:30 AM at Charleston. Debtor absent. (Wyman, James) (Entered: 11/07/2018) |
| 11/07/2018 | <u>34</u><br>(3 pgs) | Notice of Appearance and Request for Notice with Certificate of Service Filed by Travis E. Menk of Brock & Scott, PLLC on behalf of Ocwen Loan Servicing, LLC. (Menk, Travis) (Entered: 11/07/2018) |
| 11/27/2018 | | Notice of Consent of Trustee re: Notice and Motion for Loss Mitigation/Mediation Filed by James M. Wyman (related document(s)<u>33</u>). (Wyman, James) (Entered: 11/27/2018) |
| 11/27/2018 | <u>35</u><br>(5 pgs; 2 docs) | Order Requiring Loss Mitigation/Mortgage Modification. **Notice and service of this event is delegated pursuant to SC LBR 5075-1** (related document(s)<u>33</u>). (Mobley, B) (Entered: 11/27/2018) |
| 11/30/2018 | <u>36</u><br>(1 pg) | Certificate of Service related to Order for Loss Mitigation/Mediation Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude Coretta Fennell Hamilton. (related document(s)<u>35</u>). (Heilig, Elizabeth) (Entered: 11/30/2018) |
| 11/30/2018 | <u>37</u><br>(2 pgs; 2 docs) | PLEASE TAKE NOTICE that a status hearing will be held regarding the Debtor(s) compliance with the Order Requiring Loss Mitigation/Mortgage Modification filed in this case. At the initial status hearing, Debtor(s) and Debtor(s) counsel shall appear unless Debtor(s) counsel indicates that a completed Debtor(s) Prepared Package has been submitted prior to the hearing via the Portal by filing a correspondence with the Court at least 2 days prior to the hearing. Failure to appear may result in the Court vacating the Order Requiring Loss Mitigation/Mortgage Modification. Document Served. (related document(s)<u>35</u>) Status hearing to be held on 1/17/2019 at 10:00 AM at Charleston. The case judge is John E. Waites. (Stalvey, N) (Entered: 11/30/2018) |

| | | |
|---|---|---|
| 12/02/2018 | <u>38</u><br>(2 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 12/02/2018. (Related Doc # <u>37</u>) (Admin.) (Entered: 12/03/2018) |
| 12/03/2018 | | Installment Payment - FOURTH of $117.50 Receipted on 12/3/2018. Balance Due: $0.00. (Henton, N) (Entered: 12/03/2018) |
| 12/03/2018 | | Receipt of Chapter 13 Filing Fee(installments) - $117.50 by NH. Receipt Number 278389. (admin) (Entered: 12/03/2018) |
| 12/06/2018 | <u>39</u><br>(7 pgs) | Amended Schedules Filed: Schedule I Schedule J; Statement of Change with Certificate of Service for an Individual Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude Coretta Fennell Hamilton. (Heilig, Elizabeth) (Entered: 12/06/2018) |
| 12/19/2018 | | Meeting of Creditors Held and Examination of Debtor (Wyman, James) (Entered: 12/19/2018) |
| 12/20/2018 | 40 | Confirmation Hearing Held on 12/20/18.. (Wyman, James) (Entered: 12/20/2018) |
| 12/20/2018 | 41 | Confirmation Hearing Continued. JW. Filed by James M. Wyman. Hearing scheduled for 1/17/2019 at 09:00 AM at Charleston. (Wyman, James) (Entered: 12/20/2018) |
| 01/08/2019 | <u>42</u><br>(1 pg) | Correspondence re: Order for Loss Mitigation/Mediation, Status Hearing - LM/MM Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude Coretta Fennell Hamilton. (related document(s)<u>35</u>, <u>37</u>). (Heilig, Elizabeth) (Entered: 01/08/2019) |
| 01/08/2019 | 43 | Calendar Removal Request re: Judge Waites on January 17, 2019 Slot no. 196 Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude Coretta Fennell |

| | | Hamilton. (related document(s)37). (Heilig, Elizabeth) (Entered: 01/08/2019) |
|---|---|---|
| 01/17/2019 | 44 | Confirmation Hearing Held on 1/17/2019.. (Wyman, James) (Entered: 01/17/2019) |
| 01/18/2019 | 45<br>(5 pgs; 2 docs) | *Trustee's* Objection to Claim of Lawrence Bassett Jr. ; Date Claim Filed: 12/27/2018; Amount of Claim: $1414.51 Notice Of Possible Hearing with Certificate of Service Filed by James M. Wyman. If a response, return, and/or objection is timely filed, a hearing will be held on 3/12/2019 at 09:00 AM at Charleston. Date Served 1/18/2019. Last day for objections is 02/19/2019. (Attachments: # 1 Proposed Order)(Wyman, James) (Entered: 01/18/2019) |
| 01/18/2019 | 46<br>(5 pgs; 2 docs) | *Trustee's* Objection to Claim of Thelma L Broomer ; Date Claim Filed: 12/27/2018; Amount of Claim: $95000.00 Notice Of Possible Hearing with Certificate of Service Filed by James M. Wyman. If a response, return, and/or objection is timely filed, a hearing will be held on 3/12/2019 at 09:00 AM at Charleston. Date Served 1/18/2019. Last day for objections is 02/19/2019. (Attachments: # 1 Proposed Order)(Wyman, James) (Entered: 01/18/2019) |
| 01/18/2019 | 47<br>(5 pgs; 2 docs) | *Trustee's* Objection to Claim of Jeannette Gardner ; Date Claim Filed: 12/27/2018; Amount of Claim: $29089.07 Notice Of Possible Hearing with Certificate of Service Filed by James M. Wyman. If a response, return, and/or objection is timely filed, a hearing will be held on 3/12/2019 at 09:00 AM at Charleston. Date Served 1/18/2019. Last day for objections is 02/19/2019. (Attachments: # 1 Proposed Order)(Wyman, James) (Entered: 01/18/2019) |
| 01/18/2019 | 48 | Trustee Request For C-II Order Denying Confirmation and Notice of Continued Confirmation Hearing. Request that debtor(s) be allowed to file an amended plan in a timely manner and in the absence of such |

| | | |
|---|---|---|
| | | filing that this case be dismissed. (related document(s) 22 , 53 , 6, 7, 51 , 8, 6, 5, 13, 14, 18, 12 , 15, 18, 16, 19, 30, 9, 7, 7, 17, 19, 30, 26). Hearing scheduled for 2/28/2019 at 09:00 AM at Charleston. (Wyman, James) (Entered: 01/18/2019) |
| 01/18/2019 | 49 (2 pgs; 2 docs) | CII Order - The plan does not currently comply with the requirements of Chapter 13. Therefore, confirmation of the plan as presently filed is denied. The debtor(s) is/are given ten (10) days from the date of this Order within which to propose and file an amended plan, along with an affidavit which certifies that a copy of such amended plan was properly served in accordance with SC LBR 3015-2. If no such amended plan and/or certificate of mailing is filed, this case may be dismissed without further notice or hearing. If filed and not confirmed, a continued confirmation hearing shall be held on the amended plan on 02/28/2019 at 09:00AM in Charleston. Any other conditions incident to confirmation which may have been made orally by the Court during the hearing are hereby made a part of this order. **AND IT IS SO ORDERED.** Signed By: Judge John E. Waites, US Bankruptcy Court - District of South Carolina. (Admin) (Entered: 01/18/2019) |
| 01/24/2019 | 50 (2 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 01/24/2019. (Related Doc # 49) (Admin.) (Entered: 01/25/2019) |
| 01/29/2019 | 52 (2 pgs) | Motion to Restrict Public Access/Redact . Claim Number: 17 Filed by Jeannette Gardner. (Mobley, B) (Entered: 02/06/2019) |
| 02/05/2019 | 51 (1 pg) | Chapter 13 Plan Payment Change Stipulation Filed by Gertrude Coretta Fennell Hamilton. (Heilig, Elizabeth) (Entered: 02/05/2019) |
| 02/06/2019 | | Request for Order Confirming Plan. Plan Filed: **10/19/2018**. Plan Amended/Stipulation: **2/5/2019**. NO PRIOR |

| | | CONFIRMATION ORDER ENTERED. (163aBNC) Filed by James M. Wyman. (Wyman, James) (Entered: 02/06/2019) |
|---|---|---|
| 02/06/2019 | 53 (2 pgs; 2 docs) | Deficiency Notice (FAILURE TO SUBMTT MOTION AND PAY FILING FEE) re: Motion to Restrict Public Access/Redact (related document(s)52) Deficiency Correction Due By: 2/19/2019 (Mobley, B) (Entered: 02/06/2019) |
| 02/06/2019 | 54 | Court Certificate of Mailing of re: Deficiency Notice (General) Date Filed: 2/6/2019 Parties Served: Jeannette Gardner via Mail (related document(s)53) (Mobley, B) (Entered: 02/06/2019) |
| 02/06/2019 | 55 (1 pg) | Order Confirming Chapter 13 Plan. **Notice and service of this event is delegated pursuant to SC LBR 5075-1** (related document(s)30, 51). (Mobley, B) (Entered: 02/06/2019) |
| 02/08/2019 | 56 (2 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 02/08/2019. (Related Doc # 53) (Admin.) (Entered: 02/09/2019) |
| 02/13/2019 | 57 (1 pg) | Certificate of Service related to Order Confirming Chapter 13 Plan Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude Coretta Fennell Hamilton. (related document(s)55). (Heilig, Elizabeth) (Entered: 02/13/2019) |
| 02/14/2019 | 59 (3 pgs; 2 docs) | Amended Motion to Restrict Public Access/Redact (RE: related document(s)52 Motion to Restrict Public Access/Redact) . Claim Number: 17-1 Filed by Jeannette Gardner (related document(s)52). (Attachments: # 1 Proposed Order) (Mobley, B) (Entered: 02/15/2019) |
| 02/14/2019 | 62 (12 pgs; 3 docs) | Response to Objection to Claim filed by Trustee James M. Wyman; with Certificate of Service Filed by Jeannette Gardner (related document(s)47). (Attachments: # 1 Motion # |

| | | |
|---|---|---|
| | | 2 proposed order) (Mobley, B) Additional attachment(s) added on 2/25/2019 (Mobley, B). (Entered: 02/25/2019) |
| 02/15/2019 | | Receipt of Motion to Restrict Public Access - $25.00 by SG. Receipt Number 278619. (admin) (Entered: 02/15/2019) |
| 02/19/2019 | 63 (13 pgs; 2 docs) | Response to Objection to Claim filed by Trustee James M. Wyman; with Certificate of Service Filed by Thelma L Broomer (related document(s)46). (Attachments: # 1 motion and proposed order) (Mobley, B) (Entered: 02/25/2019) |
| 02/25/2019 | 64 (3 pgs; 2 docs) | Order Concerning Objection To Claims. **Notice and service of this event is delegated pursuant to SC LBR 5075-1** (related document(s)45). (Mobley, B) (Entered: 02/25/2019) |
| 02/25/2019 | 67 (3 pgs; 2 docs) | Order Granting Motion To Restrict Public Access to Claim 17-1. Document Served. (related document(s)59). (Tull, C) (Entered: 02/26/2019) |
| 02/26/2019 | 65 (2 pgs) | Amended Notice Of Possible Hearing re: Objection to Claim filed by Trustee James M. Wyman with Certificate of Service Filed by James M. Wyman on behalf of James M. Wyman (related document(s)46). If a response, return, and/or objection is timely filed, a hearing will be held on 3/12/2019 at 09:30 AM at Charleston. Date Served 2/26/2019. Last day for objections is 03/28/2019. (Wyman, James) (Entered: 02/26/2019) |
| 02/26/2019 | 66 (2 pgs) | Amended Notice Of Possible Hearing re: Objection to Claim filed by Trustee James M. Wyman with Certificate of Service Filed by James M. Wyman on behalf of James M. Wyman (related document(s)47). If a response, return, and/or objection is timely filed, a hearing will be held on 3/12/2019 at 09:30 AM at Charleston. Date Served 2/26/2019. Last day for objections is |

| | | |
|---|---|---|
| | | 03/28/2019. (Wyman, James) (Entered: 02/26/2019) |
| 02/26/2019 | 68 (2 pgs) | Reply to Response filed by Creditor Thelma L Broomer *to Trustee's Objection to Claim;* with Certificate of Service Filed by James M. Wyman (related document(s)63). (Wyman, James) (Entered: 02/26/2019) |
| 02/26/2019 | 69 (2 pgs) | Reply to Response filed by Creditor Jeannette Gardner *to Trustee's Objection to Claim;* with Certificate of Service Filed by James M. Wyman (related document(s)62). (Wyman, James) (Entered: 02/26/2019) |
| 02/27/2019 | 70 (1 pg) | Certificate of Service related to Order On Objection To Claims Filed by James M. Wyman on behalf of James M. Wyman. (related document(s)64). (Wyman, James) (Entered: 02/27/2019) |
| 02/28/2019 | 71 (3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 02/28/2019. (Related Doc # 67) (Admin.) (Entered: 03/01/2019) |
| 03/09/2019 | 72 (1 pg) | Assignment of Claim Fee Amount $25 Filed by Ocwen Loan Servicing, LLC. (Ocwen Loan Servicing, LLC) (Entered: 03/09/2019) |
| 03/09/2019 | | Receipt of Filing Fee for Assignment of Claim(18-04955-jw) [claims,asmtclm] ( 25.00). Receipt Number 11359687, amount 25.00. (U.S. Treasury) (Entered: 03/09/2019) |
| 03/11/2019 | 73 (2 pgs; 2 docs) | Notice of Assignment of Claim EXECUTED (related document(s)72) (Mobley, B) (Entered: 03/11/2019) |
| 03/11/2019 | 76 (12 pgs) | Response Dispute - Amended Notice Of Motion/Application And Opportunity Hearing Filed by Jeannette Gardner AND Motion On Response To Trustee's Reply Amended Notice Of Motion/Application And Opportunity For Hearing Filed by Jeannette Gardner(related document(s)47, 69, 62). |

| | | |
|---|---|---|
| | | (Mobley, B) (Entered: 03/13/2019) |
| 03/11/2019 | 77<br>(9 pgs) | Response Dispute - Amended Notice Of Motion/Application And Opportunity Hearing Filed by Thelma Broomer AND Motion On Response To Trustee's Reply Amended Notice Of Motion/Application And Opportunity For Hearing Filed by Thelma Broomer (related document(s)68, 63, 46). (Mobley, B) (Entered: 03/13/2019) |
| 03/12/2019 | 74 | Hearing(s) Held relating to: 1. Trustee's Objection to Claim of Thelma L Broomer and 2. Trustee's Objection to Claim of Jeannette Gardner. Trustee's Objections Overruled. Text Orders to be Entered. (related document(s)47, 46) (Babb, A) (Entered: 03/12/2019) |
| 03/13/2019 | 78<br>(2 pgs; 2 docs) | This matter comes before the Court upon the Chapter 13 Trustees objection to the claim filed by Thelma L. Broomer, alleging that the claim was not timely filed. For the reasons stated at the hearing, the Trustees objection to claim is overruled. AND IT IS SO ORDERED. **AND IT IS SO ORDERED.** Signed by: Judge John E. Waites, US Bankruptcy Court - District of South Carolina (related document(s)46). (Powell, A) (Entered: 03/13/2019) |
| 03/13/2019 | 79<br>(2 pgs; 2 docs) | This matter comes before the Court upon the Chapter 13 Trustees objection to the claim filed by Jeannette Gardner, alleging that the claim was not timely filed. For the reasons stated at the hearing, the Trustees objection to claim is overruled. **AND IT IS SO ORDERED.** Signed by: Judge John E. Waites, US Bankruptcy Court - District of South Carolina (related document(s)47). (Powell, A) (Entered: 03/13/2019) |
| 03/13/2019 | 80<br>(2 pgs) | Certificate of Service of Notice of Assignment of Claim as served by the Bankruptcy Noticing Center Notice Date 03/13/2019. (Related Doc # 73) (Admin.) (Entered: 03/14/2019) |

| | | |
|---|---|---|
| 03/15/2019 | <u>81</u><br>(2 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 03/15/2019. (Related Doc # <u>78</u>) (Admin.) (Entered: 03/16/2019) |
| 03/15/2019 | <u>82</u><br>(2 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 03/15/2019. (Related Doc # <u>79</u>) (Admin.) (Entered: 03/16/2019) |
| 03/20/2019 | <u>83</u><br>(3 pgs) | Application for Supplemental Ch. 13 Attorney Fees and Amended Attorney Fee Disclosure Statement, Less Than Chambers Guidelines Threshold - POST-Confirmation with Certificate of Service Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude Coretta Fennell Hamilton. (Heilig, Elizabeth) (Entered: 03/20/2019) |
| 06/19/2019 | <u>84</u><br>(13 pgs) | Amended Schedules Filed: Schedule AB; Statement of Change with Certificate of Service for an Individual Filed by Elizabeth R Heilig of Meredith Law Firm, LLC on behalf of Gertrude Coretta Fennell Hamilton. (Heilig, Elizabeth) (Entered: 06/19/2019) |
| 04/29/2021 | <u>85</u><br>(40 pgs) | Motion for Relief from Stay with Certification of Facts, Hearing Notice and Certificate of Service RE: 99 Elmwood Street Walterboro, South Carolina 29488. Filed by Gentry Collins of Brock & Scott, PLLC on behalf of PHH Mortgage Corporation. Date Served 4/29/2021. Last day for objections is 5/13/2021. Hearing scheduled for 6/3/2021 at 11:00 AM at Charleston. (Collins, Gentry) (Entered: 04/29/2021) |
| 04/29/2021 | | Receipt of Filing Fee for Motion for Relief From Stay( <u>18-04955-jw</u>) [motion,mrlfsty] ( 188.00). Receipt Number A12578428, amount 188.00. (U.S. Treasury) (Entered: 04/29/2021) |
| 05/06/2021 | <u>86</u><br>(4 pgs) | Objection to Motion for Relief From Stay filed by Creditor PHH Mortgage Corporation with Certificate of Service Filed by Gertrude Coretta Fennell Hamilton (related |

| | | |
|---|---|---|
| | | document(s)<u>85</u>). (Heilig, Elizabeth) (Entered: 05/06/2021) |
| 05/06/2021 | <u>87</u><br>(5 pgs; 2 docs) | Statement of Supplemental Chapter 13 Attorney Fees After Confirmation, with Certificate of Service. Supplemental Fees in this request: $500.00. Statement of Work: Preparation and filing of Objection to Motion for Relief due to unanticipated post-petition delinquency in ongoing monthly mortgage payments.<br><br>**TAKE NOTICE THAT** unless the court orders otherwise, the supplemental fee requested herein is approved for disbursement upon no objection being filed by the Debtor(s) or the Chapter 13 Trustee within 14 days after service of the Statement. All requests for payment are expressly authorized by a conspicuous provision of a written fee agreement filed with the court and incorporated herein.<br><br>FEE TOTALS: Expedited Fee: $3,700.00. All prior Loss Mitigation Mortgage Modification Expedited Fees: $1,700.00. Total: $5,900.00. Amount of fees and costs directly from the Debtor(s): $260.00. Total amount to be paid through the Chapter 13 plan: $5,640.00. All fees approved for disbursement remain subject to the Court's consideration of the fees under 11 U.S.C. § 329(b) at any time prior to the closing of the case. Filed by Elizabeth R. Heilig of Meredith Law Firm, LLC on behalf of Gertrude Coretta Fennell Hamilton. (Attachments: # <u>1</u> Exhibit Chapter 13 Retainer Agreement) (Heilig, Elizabeth) (Entered: 05/06/2021) |
| 05/27/2021 | 88 | **First** Request to Continue **6/3/2021** Hearing, Slot Number **57**, re: Motion for Relief from Stay with Certification of Facts, Hearing Notice and Certificate of Service RE: 99 Elmwood Street Walterboro, South Carolina 29488. filed by PHH Mortgage Corporation. Movant requests that the hearing be continued until **7/1/2021 at 11:00 am in Charleston.** The request is |

| | | |
|---|---|---|
| | | with consent of the affected parties. The moving party requests this continuance for the following reasons: parties need additional time to possibly workout terms for a settlement order to resolve the delinquency. Filed by Gentry Collins of Brock & Scott, PLLC on behalf of PHH Mortgage Corporation (related document(s)85). (Collins, Gentry) (Entered: 05/27/2021) |
| 05/28/2021 | 89<br>(2 pgs; 2 docs) | Order Granting Request to Continue. The 362 Motion is Continued. **AND IT IS SO ORDERED.** Signed by: Judge John E. Waites, US Bankruptcy Court - District of South Carolina (related document(s)85, 88 ). Hearing scheduled for 7/1/2021 at 11:00 AM at Charleston. The case judge is John E. Waites. (Stalvey, N) (Entered: 05/28/2021) |
| 05/30/2021 | 90<br>(3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 05/30/2021. (Related Doc # 89) (Admin.) (Entered: 05/31/2021) |
| 06/24/2021 | 91 | **Second** Request to Continue **7/1/21** Hearing, Slot Number **56**, re: Motion for Relief from Stay with Certification of Facts, Hearing Notice and Certificate of Service RE: 99 Elmwood Street Walterboro, South Carolina 29488. filed by PHH Mortgage Corporation, Objection filed by Gertrude Coretta Fennell Hamilton. Movant requests that the hearing be continued until **7/29/21 at 11 am in Charleston.** The request is with consent of the affected parties. The moving party requests this continuance for the following reasons: parties are seeking a resolution. Filed by Elizabeth R. Heilig of Meredith Law Firm, LLC on behalf of Gertrude Coretta Fennell Hamilton (related document(s)86, 85). (Heilig, Elizabeth) (Entered: 06/24/2021) |
| 07/01/2021 | 92 | Hearing Held Continued (related document(s)85, 91 ) Hearing scheduled for 8/26/2021 at 11:00 AM at Charleston. The case judge is John E. Waites. (Stalvey, N) (Entered: 07/01/2021) |

| | | |
|---|---|---|
| 07/12/2021 | 93<br>(1 pg) | Notice of Appearance and Request for Notice Filed by Ally Financial, c/o AIS Portfolio Services, LP. (AIS Data Services) (Entered: 07/12/2021) |
| 08/24/2021 | 94<br>(2 pgs) | Joint Statement of Dispute Filed by Gentry Collins of Brock & Scott, PLLC on behalf of PHH Mortgage Corporation. (Collins, Gentry) (Entered: 08/24/2021) |
| 08/26/2021 | 95 | Hearing Held Continued (related document(s)85). Hearing scheduled for 10/21/2021 at 11:00 AM at Charleston. The case judge is John E. Waites. (Stalvey, N) (Entered: 08/26/2021) |
| 10/18/2021 | 96<br>(2 pgs) | Joint Statement of Dispute Filed by Gentry Collins of Brock & Scott, PLLC on behalf of PHH Mortgage Corporation. (Collins, Gentry) (Entered: 10/18/2021) |
| 10/21/2021 | 97 | Hearing Held relating to: Motion for Relief From Stay filed by Creditor PHH Mortgage Corporation. (related document(s)85). Relief Granted. Proposed Order due from G. Collins within 10 days. (Stalvey, N) (Entered: 10/22/2021) |
| 10/29/2021 | 98<br>(1 pg) | Proposed Order Due from Court Filed by Gentry Collins of Brock & Scott, PLLC on behalf of PHH Mortgage Corporation. (related document(s)85). (Collins, Gentry) (Entered: 10/29/2021) |
| 10/29/2021 | 99<br>(3 pgs; 2 docs) | Order Granting Motion For Relief From Automatic Stay Filed By Creditor PHH Mortgage Corporation.(Related Doc # 85). **Notice and service of this event are delegated pursuant to the Local Rules.** JW (Beaulieu, N) (Entered: 10/29/2021) |
| 10/29/2021 | 100<br>(1 pg) | Certificate of Service related to Order on Motion For Relief From Stay Filed by Gentry Collins of Brock & Scott, PLLC on behalf of PHH Mortgage Corporation. (related document(s)99). (Collins, Gentry) (Entered: 10/29/2021) |

| | 101<br>(28 pgs) | Motion to Reconsider Relief From Stay RE: Order Granting Motion For Relief From Automatic Stay Filed By Creditor PHH Mortgage Corporation.(Related Doc 85). **Notice and service of this event are delegated pursuant to the Local Rules.** JW with Certificate of Service Filed by Gertrude Coretta Fennell Hamilton (related document(s)99). Date Served 11/5/2021. (Tull, C) Modified on 11/12/2021 to remove objection due deadline. (Stalvey, N). (Entered: 11/10/2021) |
| 11/08/2021 | | |
| | 102<br>(2 pgs; 2 docs) | Hearing scheduled relating to: Motion to Reconsider Relief From Stay RE: Order Granting Motion For Relief From Automatic Stay Filed By Creditor PHH Mortgage Corporation filed by Gertrude Coretta Fennell Hamilton. **Document Served.** (related document(s)101). Hearing scheduled for 12/9/2021 at 11:00 AM at Charleston. The case judge is John E. Waites. Objections due by 11/24/2021. (Stalvey, N) (Entered: 11/10/2021) |
| 11/10/2021 | | |
| | 103<br>(3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 11/12/2021. (Related Doc # 102) (Admin.) (Entered: 11/13/2021) |
| 11/12/2021 | | |
| | 104<br>(3 pgs) | Response to Motion to Reconsider filed by Debtor Gertrude Coretta Fennell Hamilton with Certificate of Service Filed by PHH Mortgage Corporation (related document(s)101). (Menk, Travis) (Entered: 11/23/2021) |
| 11/23/2021 | | |
| | 105<br>(7 pgs) | Joint Statement of Dispute Filed by Gentry Collins of Brock & Scott, PLLC on behalf of PHH Mortgage Corporation. (Collins, Gentry) (Entered: 12/08/2021) |
| 12/08/2021 | | |
| | 106 | Hearing Held Continued (related document(s)101) Hearing scheduled for 1/26/2022 at 10:00 AM at Charleston. The case judge is John E. Waites. (Stalvey, N) (Entered: 12/09/2021) |
| 12/09/2021 | | |

| 12/27/2021 | 107<br>(2 pgs; 2 docs) | Request for CD. Hearing Date: 10/21/2021. Fee $32.00, Filed by Gertrude Coretta Fennell Hamilton. (Attachments: # 1 Envelope) (Phipps, S) (Entered: 12/27/2021) |
| --- | --- | --- |
| 12/27/2021 | 108<br>(2 pgs; 2 docs) | Request for CD. Hearing Date: 12/09/2021. Fee $32.00, Filed by Gertrude Coretta Fennell Hamilton. (Attachments: # 1 Envelope) (Phipps, S) (Entered: 12/27/2021) |
| 01/18/2022 | 109<br>(5 pgs; 2 docs) | Motion to Withdraw as Attorney with Certificate of Service Filed by Elizabeth R. Heilig of Meredith Law Firm, LLC on behalf of Gertrude Coretta Fennell Hamilton. Hearing scheduled for 2/10/2022 at 10:00 AM at Charleston. Date Served 1/18/2022. Objections due by 2/1/2022. (Attachments: # 1 Proposed Order Proposed Order Authorizing Withdraw from Representation) (Heilig, Elizabeth) (Entered: 01/18/2022) |
| 01/26/2022 | 110 | Hearing Held Continued (related document(s)101). Hearing scheduled for 2/10/2022 at 11:00 AM at Charleston. Order Authorizing Elizabeth R. Heilig and Meredith Law Firm, LLC. to Withdraw from Representation to be entered. Debtor's Exhibits 1-19 Admitted with the exception of Exhibit No. 8 which is under advisement. The case judge is John E. Waites. (Stalvey, N) (Entered: 01/26/2022) |
| 01/27/2022 | 111<br>(4 pgs; 2 docs) | Order Authorizing Elizabeth R. Heilig and Meredith Law Firm, LLC t Withdraw from Representation (Related Doc # 109). Document Served. (Beaulieu, N) (Entered: 01/27/2022) |
| 01/29/2022 | 113<br>(6 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 01/29/2022. (Related Doc # 111) (Admin.) (Entered: 01/30/2022) |
| 02/04/2022 | 115<br>(20 pgs; 2 docs) | Order Granting Motion To Reconsider Relief From Stay and Denying Motion for Relief from Stay without Prejudice. (Related Doc 85 101). Document Served. (Tull, C). (Entered: |

| | | 02/04/2022 |
|---|---|---|
| 02/04/2022 | 116 | Court Certificate of Mailing of re: Order on Motion To Reconsider Date Filed: 2/4/2022 Parties Served: Debtor via Mail (related document(s)115) (Tull, C) (Entered: 02/04/2022) |
| 02/06/2022 | 117 (21 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 02/06/2022. (Related Doc # 115) (Admin.) (Entered: 02/07/2022) |
| 03/09/2022 | 118 (3 pgs) | Notice of Change of Address Filed by Gertrude Coretta Fennell Hamilton . (Beaulieu, N) (Entered: 03/10/2022) |
| 03/25/2022 | 119 (4 pgs) | Notice of Forbearance Agreement-(CARES Act) with PHH Mortgage Corporation. The attachment is filed for the purpose of documenting and recording the agreement between debtor(s) and creditor and no further action will be taken by the Court as a result of the filing. If the agreement alters any payment made or to be made by or through a trustee under the terms of a plan, appropriate modification of the plan by amendment, Motion and/or Consent Order (including trustee consent) is necessary. Filed by Gentry Collins of Brock & Scott, PLLC on behalf of PHH Mortgage Corporation. (Collins, Gentry) (Entered: 03/25/2022) |
| 04/05/2022 | 120 (12 pgs) | Motion *of Objection to Notice of Temporary Forbearance* Filed by Gertrude Coretta Fennell Hamilton (related document(s)119). (Beaulieu, N) (Entered: 04/06/2022) |
| 04/11/2022 | 121 (3 pgs; 2 docs) | Order Regarding Notice of Forebearance Agreement and Objection **Document Served** (related document(s)120, 119). (Beaulieu, N) (Entered: 04/11/2022) |
| 04/13/2022 | 122 (4 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 04/13/2022. (Related Doc # 121) |

| | | |
|---|---|---|
| | | (Admin.) (Entered: 04/14/2022) |
| 05/23/2022 | <u>123</u><br>(4 pgs) | Response to Motion filed by Debtor Gertrude Coretta Fennell Hamilton, Order with Certificate of Service Filed by PHH Mortgage Corporation (related document(s)<u>120</u>, <u>121</u>). (Menk, Travis) (Entered: 05/23/2022) |
| 06/17/2022 | <u>124</u><br>(3 pgs) | Notice of *Forbearance Agreement (CARES ACT)*. **Document Served.** Filed by Gentry Collins of Brock & Scott, PLLC on behalf of PHH Mortgage Corporation. (Collins, Gentry) (Entered: 06/17/2022) |
| 06/24/2022 | | Judge David R. Duncan added to case. Involvement of Judge John E. Waites ended. (ADI) (Entered: 06/24/2022) |
| 07/27/2022 | <u>125</u><br>(2 pgs) | Assignment of Claim Fee Amount $26 Filed by U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V. (Throne, Anne) (Entered: 07/27/2022) |
| 07/27/2022 | | Receipt of Filing Fee for Assignment of Claim(_18-04955-dd) [claims,asmtclm] ( 26.00). Receipt Number A13058763, amount 26.00. (U.S. Treasury) (Entered: 07/27/2022) |
| 07/29/2022 | <u>126</u><br>(2 pgs; 2 docs) | Notice of Assignment of Claim EXECUTED (related document(s)<u>125</u>) (Mays, E) (Entered: 07/29/2022) |
| 07/31/2022 | <u>127</u><br>(3 pgs) | Certificate of Service of Notice of Assignment of Claim as served by the Bankruptcy Noticing Center Notice Date 07/31/2022. (Related Doc # <u>126</u>) (Admin.) (Entered: 08/01/2022) |
| 08/04/2022 | | Judge Elisabetta G.M. Gasparini added to case. Involvement of Judge David R. Duncan ended. (ADI) (Entered: 08/04/2022) |
| 08/26/2022 | <u>128</u><br>(2 pgs) | Notice of *Forbearance Plan*. **Notice and service of this event are delegated pursuant to the Local Rules.** Filed by Anne |

| | | |
|---|---|---|
| | | Marie Throne of McMichael Taylor Gray, LLC on behalf of U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V. (Throne, Anne) (Entered: 08/26/2022) |
| 09/22/2022 | 129 (8 pgs; 2 docs) | Motion to Incur Debt/Obtain Credit , Notice of Possible Hearing with 14 day objection time scheduled Filed by Gertrude Coretta Fennell Hamilton. If a response, return, and/or objection is timely filed, a hearing will be held on 11/3/2022 at 10:30 AM at Charleston. Date Served 9/26/2022. Last day for objections is 10/11/2022. (Attachments: # 1 Hearing Notice) (DeMott, R) (Entered: 09/26/2022) |
| 09/26/2022 | 130 (4 pgs) | Certificate of Service RE: Motion to Incur Debt/Obtain Credit filed by Debtor Gertrude Coretta Fennell Hamilton. Filed by Gertrude Coretta Fennell Hamilton. (related document(s)129). (DeMott, R) (Entered: 09/26/2022) |
| 09/28/2022 | | Notice of Consent of Trustee re: Motion to Incur Debt/Obtain Credit Filed by James M. Wyman (related document(s)129). (Wyman, James) (Entered: 09/28/2022) |
| 10/06/2022 | 131 (2 pgs) | Proposed Order RE: Motion to Incur Debt/Obtain Credit , Notice of Possible Hearing with 14 day objection time scheduled Filed by Gertrude Coretta Fennell Hamilton. If a response, return, and/or objection is timely filed, a hearing will be held on 11/3/2022 at 10:30 AM at Charleston. Date Served 9/26/2022. Last day for objections is 10/11/2022. (Attachments: # 1 Hearing Notice) Filed by Gertrude Coretta Fennell Hamilton (related document(s)129). (Mays, E) (Entered: 10/06/2022) |
| 10/11/2022 | 132 (3 pgs) | Response to Motion to Incur Debt/Obtain Credit filed by Debtor Gertrude Coretta Fennell Hamilton, Proposed Order filed by Debtor Gertrude Coretta Fennell Hamilton |

| | | |
|---|---|---|
| | | with Certificate of Service Filed by U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V (related document(s)131, 129). (Throne, Anne) (Entered: 10/11/2022) |
| 10/14/2022 | 133 (2 pgs) | Notice of *Forbearance Plan*. **Notice and service of this event are delegated pursuant to the Local Rules.** Filed by Anne Marie Throne of McMichael Taylor Gray, LLC on behalf of U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V. (Throne, Anne) (Entered: 10/14/2022) |
| 10/24/2022 | 134 (3 pgs) | Objection to Notice of Forbearance with Certificate of Service filed by Gertrude Coretta Fennell Hamilton (related document(s)133). (Mays, E) (Entered: 10/28/2022) |
| 10/24/2022 | 135 (2 pgs) | Proposed Order RE: Notice of *Forbearance Plan*, Objection to Notice of Forbearance filed by Gertrude Coretta Fennell Hamilton. (related document(s)133, 134). (Mays, E) Modified on 10/28/2022 to add image. (Robinson, L). (Entered: 10/28/2022) |
| 11/03/2022 | 136 | Hearing Held relating to: Motion to Incur Debt/Obtain Credit filed by Debtor Gertrude Coretta Fennell Hamilton. (related document(s)129). Motion Granted. Order due from Chambers. (Stalvey, N) (Entered: 11/03/2022) |
| 11/03/2022 | 137 (2 pgs; 2 docs) | For the reasons stated on the record at the hearing on Debtor's Motion to Incur Debt held November 3, 2022, the Notice of Forbearance Plan filed by U.S. Bank National Association on October 14, 2022, and Objection in response thereto filed by Debtor on October 24, 2022, are now MOOT. **AND IT IS SO ORDERED.** Signed by: Judge Elisabetta G.M. Gasparini, US Bankruptcy Court - District of South Carolina (related |

| | | |
|---|---|---|
| | | document(s)<u>133</u>, <u>134</u>). (Stalvey, N) (Entered: 11/03/2022) |
| 11/04/2022 | <u>138</u><br>(7 pgs; 2 docs) | Order Granting Motion to Incur Debt and Obtain Credit (Related Doc # <u>129</u>).**Document Served** (Mays, E) (Entered: 11/04/2022) |
| 11/06/2022 | <u>139</u><br>(3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 11/06/2022. (Related Doc # <u>137</u>) (Admin.) (Entered: 11/06/2022) |
| 11/06/2022 | <u>140</u><br>(8 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 11/06/2022. (Related Doc # <u>138</u>) (Admin.) (Entered: 11/06/2022) |
| 11/18/2022 | <u>141</u><br>(38 pgs) | Notice of Order on Motion to Incur Debt/Obtain Credit . **Notice and service of this event are delegated pursuant to the Local Rules.** Filed by Anne Marie Throne of McMichael Taylor Gray, LLC on behalf of U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V (related document(s)<u>138</u>). (Throne, Anne) (Entered: 11/18/2022) |
| 11/21/2022 | <u>142</u><br>(2 pgs) | Request for CD. Hearing Date: 11/3/2022. 32.00 Filed by Gertrude Coretta Fennell Hamilton. (Stalvey, N) (Entered: 11/21/2022) |
| 11/30/2022 | <u>143</u><br>(14 pgs) | Objection Response to Creditor (DOC NO. 141) with Certificate of Service filed by Gertrude Coretta Fennell Hamilton (related document(s)<u>138</u>, <u>129</u>, <u>141</u>). (Mays, E) (Entered: 12/05/2022) |
| 12/05/2022 | <u>144</u><br>(2 pgs; 2 docs) | Hearing scheduled relating to: Objection Response to Creditor (DOC NO. 141) filed by Gertrude Coretta Fennell Hamilton. **Document Served**. (related document(s)<u>143</u>). Hearing scheduled for 12/14/2022 at 10:00 AM at Charleston. The case judge is Elisabetta G.M. Gasparini. Objections due by 12:00PM on 12/12/2022. |

| | | |
|---|---|---|
| | | (Stalvey, N) (Entered: 12/05/2022) |
| 12/07/2022 | <u>145</u><br>(3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 12/07/2022. (Related Doc # <u>144</u>) (Admin.) (Entered: 12/08/2022) |
| 12/09/2022 | <u>146</u><br>(3 pgs) | Response to Order on Motion to Incur Debt/Obtain Credit, Notice filed by Creditor U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V, Objection filed by Debtor Gertrude Coretta Fennell Hamilton, Hearing (Document) Sched with Certificate of Service Filed by U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V (related document(s)<u>138</u>, <u>143</u>, <u>144</u>, <u>141</u>). (Throne, Anne) (Entered: 12/09/2022) |
| 12/14/2022 | 147 | Hearing Held Continued (related document(s)<u>143</u>). Hearing scheduled for 1/18/2023 at 11:00 AM at Charleston. Order to be entered. The case judge is Elisabetta G.M. Gasparini. (Stalvey, N) (Entered: 12/14/2022) |
| 12/16/2022 | <u>148</u><br>(4 pgs; 2 docs) | Order Continuing Hearing and Requiring Creditor Representative to Appear. Hearing will be conducted on January 18, 2023 at 11AM at Charleston. A representative of Creditor shall appear in person at the continued hearing. Creditor shall provide a payoff statement to Debtor by email and first-class mail on or before January 4, 2023. Moreover, the Creditor must provide Debtor with further information and a breakdown of the Unpaid Interest Due at Payoff. **Document Served** (related document(s)<u>138</u>, <u>143</u>, <u>144</u>, <u>146</u>, <u>141</u>). (Mays, E) (Entered: 12/16/2022) |
| 12/18/2022 | <u>149</u><br>(5 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 12/18/2022. (Related Doc # <u>148</u>) |

| | | |
|---|---|---|
| | | (Admin.) (Entered: 12/19/2022) |
| 01/04/2023 | [150](#) (19 pgs) | Notice of Order *Continuing Hearing and Requiring Creditor Representative to Appear (Doc. No.148)*. **Notice and service of this event are delegated pursuant to the Local Rules.** Filed by Anne Marie Throne of McMichael Taylor Gray, LLC on behalf of U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V (related document(s)[148](#)). (Throne, Anne) (Entered: 01/04/2023) |
| 01/06/2023 | [151](#) (3 pgs) | Motion to Continue Hearing On *February 01, 2023* Filed by Anne Marie Throne of McMichael Taylor Gray, LLC on behalf of U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V (related document(s)[150](#), [148](#)). (Throne, Anne) (Entered: 01/06/2023) |
| 01/09/2023 | [152](#) (4 pgs; 2 docs) | Order on Motion to Continue. The Creditors request for a continuance is granted. By no later than 12:00 p.m. on January 12, 2023, Creditor and the Debtor shall report to the courtroom deputy date and time are available to attend a hearing at Charleston, SC. **Document Served** (related document(s)[150](#), [151](#), [148](#)). (Mays, E) (Entered: 01/09/2023) |
| 01/09/2023 | [153](#) (1 pg) | Certificate of Service via email per chambers on Creditor's counsel and Debtor RE: Order. (related document(s)[152](#)). (Mays, E) (Entered: 01/09/2023) |
| 01/10/2023 | [154](#) (2 pgs; 2 docs) | Order Continuing Hearing. The Objection Response to Creditor is Continued. **AND IT IS SO ORDERED.** Signed by: Judge Elisabetta G.M. Gasparini, US Bankruptcy Court - District of South Carolina (related document(s)[143](#), [151](#), [152](#)). Hearing scheduled for 2/2/2023 at 02:00 PM at Charleston. The case judge is Elisabetta G.M. Gasparini. (Stalvey, N) (Entered: 01/10/2023) |

| | | |
|---|---|---|
| 01/11/2023 | <u>155</u><br>(5 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 01/11/2023. (Related Doc # <u>152</u>) (Admin.) (Entered: 01/12/2023) |
| 01/12/2023 | <u>156</u><br>(3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 01/12/2023. (Related Doc # <u>154</u>) (Admin.) (Entered: 01/13/2023) |
| 01/17/2023 | <u>157</u><br>(31 pgs) | Objections Notice to Creditor in Response to Entered Order Continuing Hearing and Requiring Creditor Representative to Appear (doc. No. 150) flied 1/4/23 with Certificate of Service filed by Gertrude Coretta Fennell Hamilton (related document(s) <u>150</u>). (Mays, E) (Entered: 01/18/2023) |
| 01/27/2023 | <u>158</u><br>(5 pgs) | Notice of Order *Notice of Debtor in Response to Entered Order on Motion to Continue (Doc. No.152)*. **Notice and service of this event are delegated pursuant to the Local Rules.** Filed by Anne Marie Throne of McMichael Taylor Gray, LLC on behalf of U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V (related document(s)<u>152</u>). (Throne, Anne) (Entered: 01/27/2023) |
| 02/02/2023 | 159 | Hearing Held relating to: Objection filed by Debtor Gertrude Coretta Fennell Hamilton. (related document(s)<u>143</u>). Exhibits Admitted. Matter Under Advisement. (Stalvey, N) (Entered: 02/03/2023) |
| 02/16/2023 | <u>161</u><br>(22 pgs; 2 docs) | Order Overruling Debtor's Objection concerning the Objection to Creditors Notice to Debtor in Response to the Order Granting Motion to Incur Debt/Obtain Credit is OVERRULED and all requests for relief contained in her Objection are DENIED, except the Court's finding that the property inspection fee of $20.00 incurred by Creditors predecessor in interest on 07.22.2022, and the Bankruptcy Fee of $650.00 incurred by Creditor on 10.19.2022 |

| | | |
|---|---|---|
| | | are nonrecoverable fees and must be removed as charges on Debtors mortgage account. **Document Served** (related document(s)138, 115, 1, 143, 158, 159 , 141). (McAbee, B) (Entered: 02/16/2023) |
| 02/18/2023 | 162 (23 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 02/18/2023. (Related Doc # 161) (Admin.) (Entered: 02/19/2023) |
| 03/01/2023 | 163 (22 pgs) | Motion to Reconsider Other - Objections to Errors in Order RE: Order Overruling Debtor's Objection concerning the Objection to Creditors Notice to Debtor in Response to the Order Granting Motion to Incur Debt/Obtain Credit is OVERRULED and all requests for relief contained in her Objection are DENIED, except the Court's finding that the property inspection fee of $20.00 incurred by Creditors predecessor in interest on 07.22.2022, and the Bankruptcy Fee of $650.00 incurred by Creditor on 10.19.2022 are nonrecoverable fees and must be removed as charges on Debtors mortgage account. **Document Served** (related document(s)138, 115, 1, 143, 158, 159 , 141). with Certificate of Service Filed by Gertrude Coretta Fennell Hamilton (related document(s)161). (Beaulieu, N) (Entered: 03/02/2023) |
| 03/01/2023 | 164 (1 pg) | Correspondence re: Motion to Reconsider filed by Debtor Gertrude Coretta Fennell Hamilton Filed by Gertrude Coretta Fennell Hamilton . (related document(s)163). (Beaulieu, N) (Entered: 03/02/2023) |
| 03/04/2023 | 166 (3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 03/04/2023. (Related Doc # 165) (Admin.) (Entered: 03/05/2023) |
| 03/07/2023 | 167 (2 pgs; 2 docs) | This matter is before the Court on the Objection Response to Order filed by Gertrude Coretta Fennell Hamilton (Debtor), pro se, on March 1, 2023. The Court is |

| | | |
|---|---|---|
| | | treating the Objection as a motion to reconsider the Court's order entered on February 16, 2023, and has taken the matter under advisement. After considering the pleadings, the Court will inform the parties if a further hearing is necessary. **AND IT IS SO ORDERED.** Signed by: Judge Elisabetta G.M. Gasparini, US Bankruptcy Court - District of South Carolina (related document(s)<u>163</u>). (Kistler, S) (Entered: 03/07/2023) |
| 03/09/2023 | 168 | A clerical mistake was made in the entry of docket # 165. Pursuant to Fed. R. Civ. P. 60(a) and Fed. R. Bankr. P. 9024, the document has been restricted and no further action will be taken. (related document(s)<u>165</u>) (Dillard, S) (Entered: 03/09/2023) |
| 03/09/2023 | <u>170</u><br>(3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 03/09/2023. (Related Doc # <u>167</u>) (Admin.) (Entered: 03/10/2023) |
| 03/10/2023 | <u>171</u><br>(7 pgs; 2 docs) | Order Denying Motion to Reconsider RE: Motion to Reconsider the Courts Order Overruling Debtors Objection (Related Doc # <u>163</u>). Document Served. (Mays, E) (Entered: 03/10/2023) |
| 03/12/2023 | <u>172</u><br>(8 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 03/12/2023. (Related Doc # <u>171</u>) (Admin.) (Entered: 03/13/2023) |
| 03/16/2023 | <u>173</u><br>(29 pgs) | Motion for Relief from Stay with Certification of Facts, Hearing Notice and Certificate of Service RE: 99 Elmwood Street, Walterboro, SC 29488. Filed by Anne Marie Throne of McMichael Taylor Gray, LLC on behalf of U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V. Date Served 3/16/2023. Last day for objections is 3/30/2023. Hearing scheduled for 4/6/2023 at 10:00 AM at Charleston. |

| | | |
|---|---|---|
| | | (Throne, Anne) (Entered: 03/16/2023) |
| 03/16/2023 | | Receipt of Filing Fee for Motion for Relief From Stay( 18-04955-eg) [motion,mrlfsty] ( 188.00). Receipt Number A13342913, amount 188.00. (U.S. Treasury) (Entered: 03/16/2023) |
| 03/20/2023 | 174 (2 pgs; 2 docs) | Order Continuing Hearing re: 173 Motion for Relief From Stay filed by Creditor U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V Document Served (related document(s)173). Hearing scheduled for 4/26/2023 at 01:00 PM at Charleston. The case judge is Elisabetta G.M. Gasparini. (Woods, D) (Entered: 03/20/2023) |
| 03/22/2023 | 175 (3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 03/22/2023. (Related Doc # 174) (Admin.) (Entered: 03/23/2023) |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE: )
**GERTRUDE FENNELL CORETTA** )
**HAMILTON; aka Gertrude Coretta** )       **CASE NO. 18-04955-jw**
**Hamilton; aka Gertrude C Hamilton; aka** )       **CHAPTER 13**
**Gertrude CF Hamilton; aka Gertrude C** )
**Fennell Hamilton; aka Gertrude Fennell** )       **NOTICE OF APPEAL**
**Hamilton; aka Gertrude F Hamilton** )
DEBTOR. )
)

**FILED**
at 2 O'clock & 30 min. P M
MAR 23 2023
United States Bankruptcy Court
Columbia, South Carolina

---

## CERTIFICATE OF SERVICE
### For Adversary Proceeding

---

I, the undersigned, hereby certify that a true and accurate copy of the foregoing, **NOTICE OF APPEAL TO DISTRICT COURT ON ORDER DENYING MOTION TO RECONSIDER DOC No. 171 filed 03/10/23 and "*Objection to Errors in Order Entered: Doc / ECF No. 161 filed 02/16/2023*"** has been electronically served via email or mailed USPS, postage prepaid on this day to the following:

athrone@mtglaw.com
**Anne Marie Throne SCBN 13573**
**MCMICHAEL TAYLOR GRAY, LLC**
Attorneys at Law for Creditor
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: 404-474-7149
Facsimile: 404-745-8121
MTG File No.:22-002283-01

13info@charleston13.com
**James M. Wyman Bankruptcy Trustee**
PO Box 997
Mount Pleasant, SC 29465

whistleblower@cfpb.gov
disaster@leo.gov

**prosefilings@scb.uscourts.gov**
U.S. Bankruptcy Court of SC
1100 Laurel Street
Columbia, SC 29201-2423

US Trustee's Office, US Trustee
Strom Thurmond Federal Building
1835 Assembly St. Suite 953
Columbia, SC 29201

March 23, 2023

**Gertrude C. F. Hamilton – Debtor – Pro Se**
99 Elmwood Street
Walterboro, SC 29488
843-599-2257 – trudyham1@aol.com