# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| In re Gertrude Coretta Fennell Hamilton,<br><br>   Debtor,<br>_____<br><br>Gertrude Coretta Fennell Hamilton,<br><br>   Appellant,<br><br>  v.<br><br>U.S. Bank National Association as<br>Legal Title Trustee for RMTP Trust<br>Series 2021 BKM-TT-V, by and through<br>its (Servicers): Rushmore Loan<br>PHH Management Services; Ocwen Loan<br>Servicing, LLC,<br><br>   Appellees.<br>_____ | Civil Action No.: 2:23-1181-RMG<br><br><br><br><br><br><br>**ORDER AND OPINION** |

   This matter is an appeal from the United States Bankruptcy Court for the District of South Carolina. Appellant, proceeding *pro se*, appeals two orders entered in her Chapter 13 Bankruptcy case. Pursuant to Local Civil Rule 73.02(B)(e) and 28 U.S.C. § 636(b)(1)(A), this matter was initially referred to the United States Magistrate Judge. For the reasons stated below, the Court adopts the Report and Recommendation of the Magistrate Judge (Dkt. No. 14) and affirms said orders.

**I.  Background**

   This appeal concerns two orders—the Bankruptcy Court's February 16, 2023 Order Overruling Debtor's Objection Concerning the Objection to Creditors Notice to Debtor in

Response to the Order Granting Motion to Incur Debt/Obtain Credit ("February Order") and the Bankruptcy Court's March 10, 2023 Order Denying Motion to Reconsider the February Order (the "Reconsideration Order," collectively the "Challenged Orders").

On March 23, 2023, Appellant filed her notice of appeal with the Bankruptcy Court. (Dkt. No. 3-1 at 19). The following day, the appeal was transmitted to this Court.

In her appeal brief, Appellant identified the following issues on appeal: (1) "Whether Appellee's [sic] engaged in 'Fraud on the Court' during the Automatic Stay against [Hamilton]"; (2) "Whether violations under S.C. Code § 16-5-10 (2020), Civil Conspiracy against Appellant Civil Rights took place by Appellees in this case"; (3) "Whether Appellee's [sic] violated Automatic Stay 11 U.S.C. § 362(k), and/or False Claims Act presuing [sic] – Foreclosure[] on Appellants (FHA) Backed Mortgage Loan"; (4) "Whether Creditor/Appellee engaged in fraud, and/or discrimination, and/or unfair foreclosure practices against Debtor during this bankruptcy case"; and (5) "Whether deceptive fraudulent practice[,] material misrepresentation, and/or Fraud with omission of facts by servicers/Appellee's [sic] gives rise to a cause of action for damages." (Dkt. No. 7 at 8–9).

Briefing on Appellant's appeal followed, (Dkt. No. 14 at 14), and on December 21, 2023, in a detailed, 22-page R&R, the Magistrate Judge recommended affirming the Challenged Orders. (Dkt. No. 14)

On January 3, 2024, Appellant filed objections to the R&R. (Dkt. No. 17).

**II.     Legal Standard**

This Court has jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158; *see, e.g.*, *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010) (noting district court's "capacity as a bankruptcy appellate court"). The standard of review of a bankruptcy appeal by a district court is the same as when a court of appeals reviews a district court proceeding. *See* 28 U.S.C. § 158(c)(2). Accordingly, the bankruptcy court's findings of fact are reviewed under a "clearly erroneous" standard. Fed. R. Bankr. P. 8013. A finding of fact is clearly erroneous when the entire record demonstrates convincingly to the reviewing court that "a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012). A bankruptcy court's conclusions of law are subject to *de novo* review. *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999); *In re K & L Lakeland, Inc.*, 128 F.3d 203, 206 (4th Cir. 1997).

**III.    Discussion**

As a preliminary matter, the Court notes that Rule 8009 requires an appellant to properly present issues for appeal. *In re Dunlap*, No. 3:16-CV-00037-RJC, 2017 WL 374915, at *2 (W.D.N.C. Jan. 25, 2017). Specifically, an appellant must "file with the clerk and serve on the appellee a designation of items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A).

"If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits." Fed. R. Bankr. P. 8009(b)(5). Within fourteen days after filing a notice of appeal, the appellant must "(A) order in writing from the

3

reporter . . . a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or (B) file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." Fed. R. Bankr. P. 8009(b)(1).

Here, Appellant designated two documents as part of the record—the February Order and the Reconsideration Order. Accordingly, these documents constitute the the record on this appeal. *See In re Rose*, 483 B.R. 540, 544 (B.A.P. 8th Cir. 2012); *In re Moffitt*, 635 B.R. 836, 840–41 (M.D. Fla. 2022) (affirming order of bankruptcy court upon finding that the appellate court was unable to properly evaluate appellant's argument in light of the insufficient record on appeal, where appellant did not properly designate any items for the record pursuant to Rule 8009(a) and the limited record contained only the items transmitted by the Clerk—the Notice of Appeal, the Order on Appeal, the Judgment, and a copy of the public docket report), *appeal dismissed*, No. 22-10423-G, 2022 WL 1565125 (11th Cir. Mar. 10, 2022); *see also Dides v. Schlossberg*, No. CV TDC-22-0324, 2023 WL 155443, at *3 (D. Md. Jan. 11, 2023) ("Multiple courts have concluded that when an appellant fails to submit a transcript relevant to the issue on appellate review, the court cannot review the issue.") (collecting cases), *aff'd*, No. 23-1101, 2023 WL 5524741 (4th Cir. Aug. 28, 2023); *Keller v. Prince George's Cnty.*, 827 F.2d 952, 954 n.1 (4th Cir. 1987) (finding that where a plaintiff failed to provide a transcript of the hearing below at which the district court made findings of fact, the plaintiff had waived the claim on appeal that the findings of fact were clearly erroneous).

After a careful review of the Magistrate Judge's detailed 22-page R&R, (Dkt. No. 14), and the record, (Dkt. No. 3), the Court finds that the Magistrate Judge ably addressed the issues and

correctly determined that the Challenged Orders should be affirmed. Namely, the Magistrate Judge correctly concluded that because Appellant did not designate any hearing transcripts or filings of the parties for the Record on Appeal, there is no way for the Court to evaluate whether the Bankruptcy Court addressed all the arguments raised by Appellant in her "Objection to the Notice or in her Motion for Reconsideration." (Dkt. No. 14 at 18) ("Accordingly, the undersigned concludes that Hamilton has not shown any error in that regard and, to the extent Hamilton raises issues or arguments on appeal not addressed in the appealed Orders, the undersigned finds that those issues have not been preserved and, thus, does not address them."); (*Id.*) (further finding no reversible error in the Bankruptcy Court's analysis of Plaintiff's challenge to payoff information or fees charged during her COVID-19 forbearance period and the Bankruptcy Court's dismissal of Appellant's fraud, discrimination, and civil conspiracy claims). Appellant's objections to the R&R rehash arguments raised before the Bankruptcy Court and considered at length both there and by the Magistrate Judge in the R&R. (Dkt. No. 17). Put differently, Appellant fails to concretely dispute any dispositive portion of the R&R based on evidence in the designated record and her objections are thus overruled.

## IV.  Conclusion

For the foregoing reasons, the Court **AFFIRMS** the February Order and the Reconsideration Order and **DISMISSES** the instant appeal.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 29, 2024
Charleston, South Carolina